BURCH & CRACCHIOLO, P.A.
 702 East Osborn, Suite 200
 P.O. Box 16882
 Phoenix, Arizona 85011-6882
 (602) 274-7611
Bryan Murphy (006414)
BMurphy@bcattorneys.com
Melissa G. Iyer (024844)
MIyer@bcattorneys.com
*Attorneys for Defendant John Huppenthal, Superintendent of Public Instruction of the State of Arizona*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CURTIS ACOSTA, et. al., | Case No. CIV 10-000623-AWT |
| Plaintiffs, | |
| v. | **DEFENDANT SUPERINTENDENT'S RESPONSE OPPOSING PLAINTIFFS' MOTION TO AMENDED COMPLAINT** |
| JOHN HUPPENTHAL, Superintendent of Public Instruction and Executive Director of the Arizona State Board of Education, et. al., | **(Third Amended Complaint)** |
| Defendants. | |

Defendant Superintendent John Huppenthal hereby responds opposing plaintiffs' Motion to Amended Complaint[*] and seeking leave to file and serve their Third Amended Complaint. The requested amendment should be denied because:

(1)   pursuant to Fed. R. Civ. P. 16, the motion to amend is untimely and barred by the April 22, 2011 Scheduling Order and does not address the good cause requirement to avoid that bar; and

(2)   pursuant to Fed. R. Civ. P. 15, the motion to amend should be denied based upon (a) bad faith, (b) undue delay, (c) prejudice, (d) futility, and/or (e) prior amendments.

---

[*] Plaintiffs' motion is titled "Motion to Amended Complaint," which is why it is referenced that way here. Defendant believes this was a typographical error, however.

This response is submitted pursuant to Fed. R. Civ. P. 15 and 16 and is supported by the record herein and the incorporated Memorandum of Points and Authorities.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.  A motion to amend filed after a Rule 16 scheduling order deadline should be denied where no modification has been requested and good cause has not been shown.**

"Rule 15 does not provide the standards [for consideration of a] motion to amend . . . . Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Plaintiffs' motion does not mention the existing Scheduling Order filed April 22, 2011, but merely asserts that leave to amend should be freely granted pursuant to Fed. R. Civ. P. 15. Thus, plaintiffs have not acknowledged or applied the proper standard in moving to amend their complaint.

Pursuant to the Scheduling Order: "The deadline to add parties or amend the complaint is **June 21, 2011**." Dkt. #36. Plaintiffs' motion to amend, filed July 15, 2011, is therefore untimely and the requested amendment should be denied. Dkt. #67.

> Thus, [plaintiff's] ability to amend his complaint was governed by Rule 16(b), not Rule 15(a). *See Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (party seeking to amend pleading after date specified in scheduling order must first show "good cause" for amendment under Rule 16(b), then, if "good cause" be shown, the party must demonstrate that amendment was proper under Rule 15).

*Johnson* at 608. *Accord Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). "Under Rule 16(b), **[plaintiffs] must show good cause** for not having amended their complaints before the time specified in the scheduling order expired. . . . This standard 'primarily considers the **diligence** of the party seeking the amendments.'" *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (emphasis added). A post-deadline request to amend is properly denied where the plaintiff "showed no good

cause for its late amendment request." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). *Accord Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Since the Rule 16 requirement is not even acknowledged by plaintiffs here, obviously they have not satisfied the predicate of showing good cause for non-compliance with the Scheduling Order, and their untimely motion should be denied. *Id.* at 1419 ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its requirements out of the Federal Rules of Civil Procedure.").

**II.     Plaintiffs' motion to amend does not satisfy Rule 15 requirements, either.**

As set forth above, a party requesting leave to amend after the deadline of a scheduling order must first demonstrate good cause for modifying the rule 16 order. Then, if that good cause is shown (which plaintiffs here have not even attempted), the second requirement is that the movant additionally must demonstrate that amendment is proper under Rule 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (citing *Forstmann*).

Contrary to the suggestion of plaintiffs' motion, leave to amend "is not to be granted automatically." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation omitted). In determining whether leave to amend should be permitted, the district court is to consider (1) any bad faith by plaintiff, (2) undue delay in moving to amend, (3) any prejudice to the defendant, (4) whether amendment is futile, and (5) whether plaintiff has amended previously. *See Foman v. Davis*, 371 U.S 178, 182 (1962); *Ahlmeyer v. Nevada Sys. of Higher Educ.*, 555 F.3d 1051, 1055 n.3 (9th Cir. 2009).

The plaintiffs' motion to amend seeks to: (1) add plaintiffs' verifications to bolster their pleading; (2) add some references to what plaintiffs consider to be new

1 evidence; and (3) split their existing 14th Amendment due process challenge into
2 multiple claims.  Plaintiffs' proposed amendments do not satisfy Rule 15 requirements.

### A.  *Bad faith by plaintiffs*

There is a bad faith purpose to the proposed amendment.  Plaintiffs have not asserted any cause of action for which there is a verification requirement.  Assuming their additional evidence is admissible, it does not need to be added to their pleading to be used at any subsequent trial nor is it proper for notice pleading purposes.  The proposed due process claim split seeks the same relief as the constitutional claims already asserted.  These proposed items are all unnecessary except for plaintiffs' hope that they will improperly color the court's evaluation of the pending dispositive motions.

The defects of the existing complaint do not include lack of verification.  No claim is asserted for which there is a verification requirement, so there is no pleading purpose for adding them.

Plaintiffs chose to file a motion for summary judgment with a supporting fact statement that relied wholly upon their Second Amended Complaint and not upon any authenticated evidence.  Because, in response to the summary judgment motion, defendant pointed out that the complaint was not verified, plaintiffs have seized upon that as if it would cure the defect of their fact statement.  The proposal is a bad faith effort to counter the defect in their fact statement without the necessity of providing authenticated and admissible evidence.  As stated in defendant's separate motion to strike that fact statement, adding verifications will not cure the defect because defendant already has denied the material allegations of the complaint (and will just add its own verification to the answer if the complaint becomes verified).

Additionally, the function of a complaint is to concisely give notice of plaintiffs' claims, not to plead evidentiary matter.  Having already given notice of their claim that the challenged statute is unconstitutional, the proposed new amendment is merely an

improper attempt to plead evidence, rather than give notice of claims.  The reasons given for the requested amendment are that the initial complaint was based upon a finding issued by former Superintendent Tom Horne, which has been replaced by a similar finding by current Superintendent Huppenthal, and that Superintendent Huppenthal's finding was issued after receipt of the Cambium Audit Report.  "These events . . . are the basis for requesting leave . . . to file the Third Amended Complaint."  Dkt. #67 at 2.

"The purpose of pleading under the Federal Rules is to give notice rather than to provide those details of the issues and evidence which would eventuate at trial.  The latter objective is pursued through discovery."  *Bazal v. Belford Trucking Co.*, 442 F. Supp. 1089, 1102 (S.D. Fla. 1977).   It is not the function of a complaint to set forth "matters of an evidentiary nature."  *Martin v. Hunt*, 28 F.R.D. 35, 35-36 (D. Mass. 1961).  It is a violation of Fed. R. Civ. P. 8 to permit a complaint setting forth "lengthy statements of evidence and conclusions," rather than a short and plain statement of the claim.  *Gilbert v. General Motors Corp.*, 1 F.R.D. 101, 101 (W.D.N.Y 1940).   "Evidentiary pleadings, however, are still considered improper."  *National Savings & Loan Ass'n v. Saint Paul Fire & Marine Ins. Co.*, 84 F.R.D. 425, 428 (E.D. Wis. 1979).  As stated earlier, the existing complaint already sets forth plaintiffs' constitutional challenge to the statute and includes one based upon 14${}^{th}$ Amendment due process.  Splitting the 14${}^{th}$ Amendment due process challenge into multiple claims, seeking exactly the same relief, serves no proper purpose here.  The proposed amendment is a bad faith attempt to salvage an unsupported motion for summary judgment, plead evidence, and insert labels that plaintiffs hope will improperly influence the court's evaluation of the case, rather than give notice of claims.

### B.  Undue delay by plaintiffs

Superintendent Horne was replaced by Superintendent Huppenthal at the beginning of the year.  Plaintiffs knew of the substitution of Superintendent Huppenthal's

findings for those of Horne, and they knew of the Cambium report, in advance of the deadline for amendments to pleadings.  Knowing that and knowing of their Scheduling Order deadline, plaintiffs did not timely either seek amendment or seek modification of the Scheduling Order.  That provides sufficient reason to deny the motion.  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

The proposed splitting of the 14th Amendment due process claim also does not rely upon anything newly discovered by plaintiffs.  Assuming the purported "new" claim is really any different than the current 14th Amendment due process claim, Plaintiffs have no reason for not having asserted such differentiated claims earlier, before expiration of the deadline for amendment of pleadings.

Additionally, plaintiffs have already filed a motion for summary judgment.  As stated in the next section, filing such a motion is equivalent to a representation by the movant that no additional pleading or discovery requirements remain to be done – that the case is ready for adjudication.  Attempting to amend their own current pleading, while plaintiffs simultaneously have pending a dispositive motion that purports to depend upon that current pleading, imposes undue delay.

### C. *Prejudice to the defendant*

Although plaintiffs' motion acknowledges that they have pending a motion for summary judgment, the motion to amend disingenuously asserts a lack of prejudice while inconsistently arguing both that "it is early in the discovery process" and that the "pending motion for summary judgment has been fully briefed by the parties."  Dkt. #67 at 2.  Summary judgment is only appropriate "after adequate time for discovery."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In ruling upon a motion for summary judgment, the court is supposed to deny the motion "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986).  Otherwise,

the court "assume[s] that both parties have had ample opportunity for discovery. *Id.* This is prejudicial and warrants denial of the motion to amend. Plaintiffs have (1) submitted a motion for summary judgment, which is a representation that the issues framed by the pleadings are joined and the other party has had an adequate time to complete discovery, (2) based their motion completely on the allegations of their complaint (being the Second Amended Complaint), (3) represented to the court that their dispositive motion is fully briefed and thus ready to be decided, and then (4) contemporaneously asked the court to let them amend the pleading framing their claims for the third time, without withdrawing the summary judgment motion, and simultaneously representing to the court that the case is still early in the discovery process. A court may find that there is "prejudice to the opposing party" where the motion to amend is filed and a "motion for summary judgment was pending before the court." *Roberts v. Arizona Board of Regents*, 661 F.2d 796, 798 (9th Cir. 1981). "[P]leadings must provide adequate notice . . . not a moving target." *Varney v. R.J. Reynolds Tobacco Co.*, 118 F. Supp. 2d 63, 71 (D. Mass. 2000). In short, it is inappropriate for plaintiffs to request to file a new complaint while they are asking the court to grant summary judgment upon their existing complaint.

### *D. Futility of amendment*

"A district court does not err in denying leave to amend where the amendment would be futile or . . . subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). "A motion for leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1991). Plaintiffs' motion to amend futilely seeks to add (1) proposed verifications by the plaintiffs ; (2) (unnecessary) evidentiary references to additional events; and (3) duplicate claims challenging the constitutionality of the statute on 14th Amendment due process grounds.

1	First, the proposed verifications are an attempt to address a defect in plaintiffs'
2	pending summary judgment motion, not their complaint.  Those verifications are not
3	necessary to satisfy any pleading requirement.  Moreover, adding the verifications will
4	not cure the defect regarding the summary judgment motion by rendering as undisputed
5	the previously unverified allegations.  Defendant has already denied the material
6	allegations and will simply add a verification to his answer, leaving the situation with
7	respect to the motion for summary judgment unchanged.   The facts are disputed before
8	adding verifications and after adding verifications – thus, adding the verifications is
9	futile.
10	Second, those events plaintiffs want to add to their complaint are just evidence that
11	plaintiffs will be able to use or not for any motion or trial purposes, if admissible,,
12	without any need for them to have been pled in the complaint.  They are not necessary or
13	appropriate for notice pleading purposes.
14	Third, also currently pending is the defendant's motion to dismiss the Second
15	Amended Complaint.  Dkt. #59.  That motion challenges the complaint as defective
16	because of the lack of standing of the plaintiff teachers and students and because the
17	current complaint sets forth conclusory allegations, which are insufficient to state a claim.
18	The proposed splitting of the already existing 14th Amendment due process claim into
19	multiple claims as a basis for challenging the statute is defective for the same reasons set
20	forth in the pending motion to dismiss.
21	Adding the verifications, the proposed evidence pleading, and due process
22	references of the Third Amended Complaint does not rectify the defects of the current
23	complaint:  the teachers and students still lack of standing and the proposed amended
24	complaint continues to aver conclusions of harm without sufficient particularity
25	warranting dismissal for the same grounds as the existing complaint.  "[T]he pleading
26	standard Rule 8 announces does not require 'detailed factual allegations,' but it demands

more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citation omitted).  The lack of standing and insufficient and conclusory allegations that constitutional rights have been violated existing in the Second Amended Complaint persist in the proposed Third Amended Complaint.

The district court may test the plaintiffs' proposed amendment by applying the defendant's pending motion to dismiss to it.  *See Datastorm Technologies, Inc. v. Excalibur Communications, Inc.*, 888 F. Supp. 112, 114 (N.D. Calif. 1995); *Holmes v. National Football League*, 939 F. Supp. 517, 522 n.7 (N.D. Tex. 1996); *Nix v. Hoke*, 62 F. Supp. 2d 110, 115 (D.C. Cir. 1999).   The court may consider whether the defects would still remain following the proposed amendment.  If so, that futility supports denial of the amendment.  "Courts may deny a motion to amend as futile . . . if the proposed claim would not survive a motion to dismiss." *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).  Alternatively, where the existing complaint is subject to dismissal and the proposed amendment will not cure the defect(s), the matter may be dismissed without permitting the futile amendment.  *See Townsend v. Univ. of Alaska*, 543 F.3d 478, 485-86 (9th Cir. 2008); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

### E.  Previous amendments

Plaintiffs have already amended the complaint twice since the initially filed complaint.  That prior amendments have already been permitted is a sufficient basis for denying another motion to amend.  "The district court's discretion to deny leave to amend is particularly broad where a plaintiff previously has amended the complaint."

*World Wide Rush, LLC v. City of Los Angeles*, 606 F.3d 676, 690 (9th Cir. 2010).  *Accord Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 879 (9th Cir. 1999).

## CONCLUSION

Plaintiffs' Motion to Amended Complaint, requesting leave to file and serve their Third Amended Complaint, does not satisfy the requirements of Fed. R. Civ. P. 15 and 16 and should be denied.  The motion to amend does not even acknowledge that it was filed after the bar of the April 22, 2011 Scheduling Order.  Thus, the motion also fails to even address the rule 16 good cause requirement necessary to overcome that bar.   Even setting that aside, the motion to amend also fails upon consideration of the rule 15 factors.  For these reasons, the motion to amend should be denied.

DATED this 28th day of July, 2011.

        BURCH & CRACCHIOLO, P.A.

By: /s/Melissa G. Iyer
    Bryan Murphy
    Melissa G. Iyer
    Burch & Cracchiolo, P.A.
    702 East Osborn, Suite 200
    Phoenix, Arizona 85014
     Attorneys for Defendant
    John Huppenthal, Superintendent
    of Public Instruction and
    Executive Director of the
    Arizona State Board of Education

# CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Richard M. Martinez, Esq.  Richard@richardmartinezlaw.com
*Attorney for Plaintiffs*

Kevin D. Ray, Esq.  Kevin.Ray@azag.gov
Assistant Attorney General
Office of the Attorney General
State of Arizona
*Attorney for Defendants Arizona State Board of Education, including members named in their Official Capacity*

With a copy mailed this same date to:

Jinju Park Hurtado, Esq.
Assistant Attorney General
Office of the Attorney General
State of Arizona
1275 West Washington Street
Phoenix, AZ 85007
*Attorney for Defendants Arizona State Board of Education, including members named in their Official Capacity*

                                                            s/Lisa Nelson