BURCH & CRACCHIOLO, P.A.
702 East Osborn, Suite 200
P.O. Box 16882
Phoenix, Arizona 85011 6882
(602) 274-7611
Bryan Murphy (006414)
BMurphy@bcattorneys.com
Melissa G. Iyer (024844)
MIyer@bcattorneys.com
*Attorneys for Defendant John Huppenthal, Superintendent of Public Instruction of the State of Arizona*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CURTIS ACOSTA, et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN HUPPENTHAL, Superintendent of Public Instruction and Executive Director of the Arizona State Board of Education, et. al.,<br><br>Defendants. | Case No. CIV 10-000623-AWT<br><br>**REPLY IN SUPPORT OF DEFENDANT SUPERINTENDENT'S MOTION TO STRIKE PLAINTIFFS' STATEMENT OF FACTS and MOTION TO STRIKE PLAINTIFFS' FIRST SUPPLEMENT TO PLAINTIFFS' STATEMENT OF FACTS TO MOTION FOR SUMMARY JUDGMENT** |

Defendant Superintendent John Huppenthal hereby replies in support of his motion to strike the plaintiffs' statement of facts and requests that the court also strike the subsequently filed supplemental statement of facts. *See* Fed. R. Civ. P. 56(c); Local Rule 7.2(m)(2). The motion should be granted because:

(1) plaintiffs' asserted facts are superfluous to the purported "facial" challenge asserted in plaintiffs' motion for summary judgment; and

(2) the facts plaintiffs rely upon are all taken from their Second Amended Complaint, which has been denied in all material respects by defendant's Answer, precluding any determination that the facts are undisputed.

Plaintiffs do not respond to the motion to strike with substantive arguments, but instead merely rely upon their newly filed motion to amend their complaint for a third time, which proposes to add verifications. Plaintiffs' proposed amended complaint does not overcome the fundamental problem that the facts set forth in support of their summary judgment motion are and will continue to be disputed. Thus, even assuming their motion to amend were granted, plaintiffs' reliance upon their proposed amended complaint would still be insufficient to defeat the motion to strike.

Alternatively and additionally, defendant Superintendent Huppenthal's motion also requested Fed. R. Civ. P. 56(d) relief to continue any response to the plaintiffs' summary judgment motion until after specified discovery had occurred. Plaintiffs' response tacitly concedes the propriety of that alternative relief by completely failing to oppose or address it at all. As set forth in the incorporated Memorandum of Points and Authorities, defendant Superintendent Huppenthal submits that his motion should be granted.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Plaintiffs' asserted facts are immaterial to their purported facial challenge of constitutionality and should be stricken.

Plaintiffs' motion for summary judgment is presented as a facial challenge to the constitutionality of Ariz. Rev. Stat. §§ 15-111 and 15-112 and thus purports to raise purely legal questions. Nevertheless, in support of their motion, as the challenging party, plaintiffs also presented a sixteen page statement of facts.

> **When a statute is challenged on its face, the facts of the challenging party's case are irrelevant**; the court is asked to determine the constitutionality of the statute as written. Nevertheless, the party's claim must meet the constitutional requirements of "case or controversy" in order to be justiciable.

*Beckerman v. City of Tupelo*, 664 F.2d 502, 506 (5th Cir. 1981) (emphasis added). "The constitutionality of a statute is an issue of law. . . . 'Facial attacks . . . are not dependent

on the facts.'" *Griffin v. Secretary of Veterans Affairs*, 288 F.3d 1309, 1317 (Fed. Cir. 2002) (quoting *Forsyth County v. Nationalist Movement*, 505 U.S. 123, 133 n.10 (1992)). *Accord Brady v. PPL Montana, LLC*, 478 F.3d 1015, 1016 n.1 (9th Cir. 2007)("the facts in this case are immaterial to resolving the facial challenge"). Because the facts presented by plaintiffs are immaterial, the court is requested to strike them and treat plaintiffs' motion as a motion for judgment on the pleadings.

**II. Plaintiffs' fact statement is not supported by admissible evidence, but merely relies on disputed and unverified allegations contained in the Second Amended Complaint.**

Summary judgment may only be granted where "**there is no genuine issue as to any material fact** and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c)(emphasis added). Plaintiffs' statement of facts contains no evidentiary support and instead relies exclusively on allegations contained in their Second Amended Complaint. Dkt. # 43. Defendant's answer to the Second Amended Complaint denies the arguably material "facts" of the Second Amended Complaint upon which plaintiffs' motion purportedly relies. Dkt. # 55. Once properly answered and denied, the plaintiffs' allegations are disputed and summary judgment is inappropriate. *See Marchisheck v. San Mateo County*, 199 F.3d 1068, 1074 (9th Cir. 1999); *United States v. Haskins*, 505 F.2d 246, 253 (9th Cir. 1974). Accordingly, plaintiffs must either concede their statement of facts is immaterial, and should be stricken, or they must concede that their motion should simply be denied summarily because it is not premised upon undisputed facts.

**III. Plaintiffs' response is limited to reference to their newly filed motion seeking to again amend to add verifications to the complaint, which fails to address the fundamental problem that the facts will still be disputed.**

As stated in defendant's motion to strike: "An unverified complaint is legal memoranda" and does not "constitute evidence within the meaning of Rule 56(e)."

*Presbyterian Church v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Apparently this is the only part of defendant's motion that got plaintiffs' attention, as the response utterly fails to address the motion to strike except to refer to the newly filed (and untimely) motion to yet again amend the complaint so that plaintiffs may add their verifications.

As noted above, defendant has already denied the material allegations contained in the Second Amended Complaint, thus placing those material facts in dispute. Dkt. # 55. Plaintiffs' attempt to circumvent those denials by reference to their proposed Third Amended Complaint is equally unavailing for two reasons. First, plaintiffs' motion and fact statement are based upon their Second Amended Complaint and they have not sought leave to substitute their proposed Third Amended Complaint as support for the pending motion (so the defect would still remain despite the proposed pleading amendment). Second, if plaintiffs were permitted to again amend to add the proposed verifications (which defendant is opposing), defendant will simply be obliged to add a verification to its answer, which already denies the material allegations. Thus, even if plaintiffs' statement of facts were deemed amended (which has not been requested) to rely upon the proposed (verified) Third Amended Complaint, defendant's answer will still leave plaintiffs without the undisputed facts necessary to support their motion for summary judgment. *See Marchisheck v. San Mateo County*, 199 F.3d 1068, 1074 (9th Cir. 1999) ("his declaration creates a disputed issue of fact and precludes summary judgment"); *United States v. Haskins*, 505 F.2d 246, 253 (9th Cir. 1974) ("the least that can be said is that there is a disputed issue of material fact which precludes summary judgment"). So, despite the proposed amendment, plaintiffs still remain in a situation where they must either concede (1) their statement of facts is immaterial, and should be stricken, or (2) their motion should be denied summarily because it is not premised upon undisputed facts.

**IV. Plaintiffs' response tacitly concedes the propriety of the alternative relief pursuant to rule 56 (d) of continuing the time for response to the motion for summary judgment after affording discovery by completely failing to oppose or address it at all.**

"[B]ecause the plaintiffs failed to respond to the defendant's [ ] motion, the court treats the motion as conceded and grants the motion." *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1293 (D.C. Cir. 2004). Defendant submitted an alternative request that it be permitted to conduct additional discovery pursuant to Rule 56(d), that the court set a reasonable schedule affording defendant at least 30 days following discovery before the court concludes briefing, and defendant set forth the prescribed considerations for granting the requested alternative relief. Plaintiffs' response completely fails to respond to defendant's alternative Rule 56(d) motion. The validity of the request is thus tacitly conceded. Unless the motion to strike the fact statement is granted, or the motion for summary judgment is summarily denied, the defendants should be permitted to conduct the discovery requested before responding so that this Court does not decide important constitutional questions on a partial and undeveloped evidentiary record.

**V. Plaintiffs' proposed supplement to their statement of facts should be stricken along with the existing statement of facts.**

Without leave to do so, and not based upon the authority of any rule, plaintiffs have filed a document entitled First Supplement to Plaintiffs' Statement of Facts to Motion for Summary Judgment ("Proposed Supplement"). Dkt #64. The Proposed Supplement, like the existing statement of facts, is not authenticated; it simply attaches three exhibits that are not referenced in the existing statement of facts, nor in any proposed supplemental facts. As stated above, such items are immaterial to the supposedly facial challenged being made. Additionally, the attachments to the Proposed Supplement are also not referenced in the previously filed motion for summary judgment and thus could not have been addressed in the already filed response to that motion. Accordingly, it would be unfair to permit the Proposed Supplement to be used and

defendant Superintendent Huppenthal hereby requests that his motion to strike be directed also to strike the Proposed Supplement, as well as the existing statement of facts.

**CONCLUSION**

Plaintiffs have essentially conceded the merits of defendants' motion to strike and alternative request for Rule 56(d) relief. With respect to the motion to strike, plaintiffs' do not oppose the motion by making any substantive legal argument, but merely refer to their **proposed** Third Amended Complaint as support for their **already-pending** motion for summary judgment. As set forth above, the motion to strike should be granted regardless of whether plaintiffs' proposed third amended complaint is ultimately accepted. The facts offered in support of plaintiffs' motion are immaterial and also disputed. They cannot serve as support for a summary judgment motion.

With respect to the alternative Rule 56(d) request, plaintiffs do not oppose or even address it. Accordingly, they concede that if the motion to strike is denied, then the request for 56(d) relief should be granted.

For all the foregoing reasons, defendant Superintendent Huppenthal's motion to strike should be granted. At a minimum and in the alternative, rule 56(d) relief is appropriate to enable this Court to decide important constitutional questions on a fully developed factual record.

DATED this 28th day of July, 2011.

BURCH & CRACCHIOLO, P.A.

By: /s/Melissa G. Iyer

Bryan Murphy
Melissa G. Iyer
Burch & Cracchiolo, P.A.
702 East Osborn, Suite 200
Phoenix, Arizona 85014
Attorneys for Defendant John Huppenthal, Superintendent of Public Instruction and Executive Director of the Arizona State Board of Education

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28th, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Richard M. Martinez, Esq. Richard@richardmartinezlaw.com
*Attorney for Plaintiffs*

Kevin D. Ray, Esq. Kevin.Ray@azag.gov
Assistant Attorney General
Office of the Attorney General
State of Arizona
*Attorney for Defendants Arizona State Board of Education, including members named in their Official Capacity*

With a copy mailed this same date to:

Jinju Park Hurtado, Esq.
Assistant Attorney General
Office of the Attorney General
State of Arizona
1275 West Washington Street
Phoenix, AZ 85007
*Attorney for Defendants Arizona State Board of Education, including members named in their Official Capacity*

s/Lisa Nelson