BURCH & CRACCHIOLO, P.A.
702 East Osborn, Suite 200
P.O. Box 16882
Phoenix, Arizona 85011-6882
(602) 274-7611

Bryan Murphy (006414)
BMurphy@bcattorneys.com
Melissa G. Iyer (024844)
MIyer@bcattorneys.com

Attorneys for Defendant John Huppenthal, Superintendent
of Public Instruction of the State of Arizona

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CURTIS ACOSTA, et. al.,<br><br>  Plaintiffs,<br><br>v.<br><br>JOHN HUPPENTHAL, Superintendent of Public Instruction and Executive Director of the Arizona State Board of Education, et. al.,<br><br>  Defendants. | Case No. CIV 10-000623-AWT<br><br>**Defendant's Opposition to Motion to Exceed Page Limitations (Response to Motion to Dismiss)** |

Plaintiffs' Second Amended Complaint is 19 pages long (exclusive of attachments). Defendant Superintendent's Motion to Dismiss Plaintiffs' Second Amended Complaint ("motion to dismiss") is 16 pages long (exclusive of attachments). Pursuant to Federal Rules of Civil Procedure 6(a) & (d) and Local Rules of Civil Procedure 12.1 and 56.1, plaintiffs had 35 days to prepare a response to the motion. Local Rule 7.2(e)(1) permits a response of 17 pages, unless otherwise permitted by the court. Plaintiffs now seek permission for their filing an overlength memorandum of 48

pages for their Response in Opposition to Motion to Dismiss, CD No.59.  The request should be denied.

The plaintiffs' motion for leave to file the overlength memorandum just makes the perfunctory statement that "[d]ue to the complexity of the applicable law, defendant's motion and the underlying facts, additional pages were needed to provide the court with a thorough response brief."  While "underlying facts" is an understandable topic in the context of summary judgment motions, it does not explain why facts warrant an extended response to the motion to dismiss.  The motion is just based upon the allegations of the complaint.  The motion to dismiss sets forth 3 grounds for dismissal: (1) lack of standing; (2) failure to state a claim for relief; or (3) abstention.  As for "complexity of the applicable law," this appears to be plaintiffs' excuse to recite much of their summary judgment arguments.  Rather than incorporate by reference, the overlength response largely reproduces plaintiffs' summary judgment arguments, rather than directly addressing the issues raised in the motion to dismiss.  Such arguments are not even relevant to standing.  The approach taken by plaintiffs appears to be calculated to impress upon the court that, with such a volume of material presented, there must be a claim in there somewhere.

It is not appropriate that plaintiffs want to file a response three times longer than the motion to which it responds, virtually three times longer than the rule permits, notwithstanding having had over a month to prepare it or to request an extension so that a shorter response could be filed.  Defendant requests that the motion be denied and plaintiffs permitted one additional week to file a response of no longer than 20 pages.

2

1  DATED this 3rd day of August, 2011.

2

3                                                  BURCH & CRACCHIOLO, P.A.

4
                                         By:  /s/Melissa G. Iyer
5                                             Bryan Murphy
                                              Melissa G. Iyer
6                                             Burch & Cracchiolo, P.A.
                                              702 East Osborn, Suite 200
7                                             Phoenix, Arizona 85014
                                              Attorneys for Defendant
8                                             John Huppenthal, Superintendent
                                              of Public Instruction and
9                                             Executive Director of the
                                              Arizona State Board of Education
10

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3rd, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Richard M. Martinez, Esq.           Richard@richardmartinezlaw.com
*Attorney for Plaintiffs*

Kevin D. Ray, Esq.                  Kevin.Ray@azag.gov
Assistant Attorney General
Office of the Attorney General
State of Arizona
*Attorney for Defendants Arizona State Board of Education, including members named in their Official Capacity*

With a copy mailed this same date to:

Jinju Park Hurtado, Esq.
Assistant Attorney General
Office of the Attorney General
State of Arizona
1275 West Washington Street
Phoenix, AZ 85007
*Attorney for Defendants Arizona State Board of Education, including members named in their Official Capacity*

                                        s/Lisa Nelson