# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| CURTIS ACOSTA, et al., | No. CV 10-623-TUC-AWT |
| Plaintiffs, | **ORDER** |
| vs. | |
| JOHN HUPPENTHAL, et al., | |
| Defendants. | |

Pending before the court is the Plaintiffs' motion to amend their complaint (Doc. 67). This motion was filed after the court's June 21, 2011, deadline to amend the complaint. (*See* Doc. 36 ¶ 2.) Opposing the motion, Defendants note that "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 [establishing] a timetable for amending pleadings[,] that rule's standards control[]" a motion to amend. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4).

On June 15, 2011, less than a week before the deadline to amend the complaint, Defendant Huppenthal issued a new finding that the Mexican American Studies Program violated A.R.S. § 15-112 and giving the Tucson Unified School District 60 days to bring the program into compliance. (*See* Doc. 67-1 ¶ 23; Doc. 68-3, at 4.) This significant development– an action taken by Defendants relating to the heart of the case on the eve of

the deadline to amend– constitutes good cause. *See Johnson*, 975 F.2d at 609 ("The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'") (quoting Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)).

**IT IS ORDERED:**

1. Plaintiffs' motion to amend the complaint (Doc. 67) is **GRANTED**, and Plaintiffs shall file and serve on Defendants their Third Amended Complaint within 14 days of the date of this order. Defendants shall answer or otherwise respond to the Third Amended Complaint within 21 days of the service thereof on Defendants.

2. Defendants' motion to dismiss the Second Amended Complaint (Doc. 59) and Plaintiffs' motion to exceed page limitation in opposition to the motion to dismiss (Doc. 79) are **DENIED** as moot.

3. Plaintiffs' motion for summary judgment (Doc. 46) is **DENIED** without prejudice to said motion being renewed after Defendants have responded to the Third Amended Complaint.

4. Defendants' motion to strike Plaintiffs' statement of material facts (Doc. 58) is **DENIED** as moot.

DATED this 15 day of August, 2011.

_____
A. Wallace Tashima
United States Circuit Judge
Sitting by Designation