1   THOMAS C. HORNE
    Attorney General
2   Firm Bar No. 14000

3
    Kevin D. Ray, No. 007485
4   Jinju Park Hurtado, No. 026023
    Assistant Attorneys General
5   1275 West Washington Street
    Phoenix, Arizona   85007-2926
6   Telephone: (602) 542-8328
    Facsimile:  (602) 364-0700
7
    Email: EducationHealth@azag.gov
8   *Attorneys for Defendants John Huppenthal,*
9   *Superintendent of Public Instruction, in his official capacity;*
    *and the State Board of Education and its individual members,*
10  *named in their official capacity as nominal parties*

11
                 **IN THE UNITED STATES DISTRICT COURT**
12
                    **FOR THE DISTRICT OF ARIZONA**
13

14  CURTIS ACOSTA, et al.,                    | Case No. CV-10-623-TUC-AWT
15                    Plaintiffs,
                                              | **RESPONSE IN OPPOSITION TO**
16            vs.                             | **EXPEDITED MOTION FOR**
                                              | **ACCELERATED BRIEFING**
17  JOHN HUPPENTHAL, Superintendent of        | **SCHEDULE**
    Public Instruction, in his Official Capacity,
18  et al.,
                                              | Honorable A. Wallace Tashima
19                    Defendants.
20

21        Defendant John Huppenthal, Superintendent of Public Instruction, ("Superintendent")

22  through his undersigned counsel, opposes Plaintiffs' request to expedite the briefing schedule

23  for their yet unfiled[1] Application for Preliminary Injunction ("Application").  (Doc. 107.)

24

25

26  [1] As a preliminary matter, the request to expedite the briefing schedule is premature.  Until

27  the Plaintiffs file their Application, any need for an accelerated briefing schedule is unclear.

In the event that Plaintiffs file their application on the proposed date, it is unlikely that the Plaintiffs can show any need for an accelerated briefing schedule on the proposed fifty-page Application.  The enforcement of Arizona Revised Statutes ("A.R.S.") sections 15-111 and -112, ("Act") is not imminent.  The parties to the state administrative proceeding, the Tucson Unified School District ("TUSD") and the Superintendent, have not completed a state administrative hearing to determine whether TUSD is in violation of the Act.  They have not yet submitted their proposed findings of fact and conclusions of law based on evidence submitted during the hearing, due on November 18, 2011.  (Doc. 107, Exh. 1.)  As Plaintiffs acknowledge in their motion for an expedited briefing schedule (Doc.107), it is highly unlikely that the Administrative Law Judge ("ALJ") will issue findings of fact, conclusions of law, and a recommended order on the date that the parties submit their proposals.  The ALJ has twenty days to consider the proposals and issue a written decision with an explanation of the reasons supporting the decision.  A.R.S. § 41-1092.08(A).  Upon issuance of the ALJ's findings of fact, conclusions of law, and recommendation, the Superintendent has thirty days to decide whether to accept, reject or modify these findings.  A.R.S. § 41-1092.08(B).  The Superintendent must serve written copies of the final decision to TUSD.  *Id.*  Even after the Superintendent renders his decision, TUSD has the opportunity to file for a rehearing or for a judicial review in the state superior court within thirty days after service of the final administrative decision.  A.R.S. § 41-1092.09(A).  If TUSD files such an action, it may request an injunction or a stay of any sanctions.  Plaintiffs would need injunctive relief only if TUSD loses its administrative hearing and fails to appeal.  Yet, as of this date, none of these events have occurred.  While Plaintiffs claim that sanctions are immediate and inevitable, this is too remote and contingent to support their request for an expedited briefing schedule.

2

1 Furthermore, Plaintiffs' request for an expedited briefing schedule would nullify the

2 Court's order issued on November 9, 2011, granting the Superintendent's request for an

3 extension of time to respond to a motion for summary judgment.  (Doc. 106.)  Because a

4 preliminary injunction rests, in part, on the likelihood of success on the merits, the

5 Superintendent would be impaired by his recent change of counsel to the same degree as a

6 proceeding for a summary judgment.  The schedule proposed by the Plaintiffs is onerous

7 under any circumstance.  However, in light of the upcoming holiday weekends, it is unduly

8 so.  Counsel for the Superintendent will likely require additional time beyond the fourteen

9 days allowed by the rules of civil procedure to respond to the Application for the reasons

10 stated in the Superintendent's Expedited First Extension of Time for an Extension to

11 Respond to Plaintiffs' Motion for Summary Judgment (Doc. 104).

12 For the foregoing reasons, the Superintendent respectfully requests that this Court

13 deny Plaintiffs' Expedited Motion for Accelerated Briefing Schedule.

14

15 Dated this 14th day of November, 2011.

16 THOMAS C. HORNE
Attorney General
17

18 /s/ Jinju Park Hurtado
Kevin Ray, Esq.
19 Jinju Park Hurtado, Esq.
Assistant Attorneys General
20 *Attorneys for Defendants John Huppenthal,*
*Superintendent of Public Instruction, in his official*
21 *capacity; and the State Board of Education and its*
*individual members, named in their official*
22 *capacity as nominal parties*

23

24

25

26

27

3

**CERTIFICATE OF SERVICE**

I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following, if CM/ECF registrants, and mailed a copy of same to any non-registrants, this this 14th day of November, 2011 to:

Richard M. Martinez, Esq.
307 South Convent Avenue
Tucson, Arizona 85701
RMLaw@RichardMartinezLaw.com

By: /s/ Jennifer R. Stokic
#2396047