THOMAS C. HORNE
Attorney General
Firm Bar No. 14000

Kevin D. Ray, No. 007485
Jinju Park Hurtado, No. 026023
Assistant Attorneys General
1275 West Washington Street
Phoenix, Arizona  85007-2926
Telephone: (602) 542-8328
Facsimile:  (602) 364-0700
Email: EducationHealth@azag.gov
*Attorneys for Defendants John Huppenthal,*
*Superintendent of Public Instruction, in his official capacity;*
*and the State Board of Education and its individual members,*
*in their official capacity as nominal parties*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CURTIS ACOSTA, et al., | Case No. CV-10-623-TUC-AWT |
| Plaintiffs, | **RESPONSE TO MOTION FOR INTERVENTION** |
| vs. | |
| JOHN HUPPENTHAL, Superintendent of Public Instruction and Executive Director of the Arizona State Board of Education, in his Official Capacity, et al., | Honorable A. Wallace Tashima |
| Defendants. | |

Nicholas A. Dominguez and Margarita Elena Dominguez' (collectively, the "Proposed Intervenors") have filed a Motion for Intervention ("Motion") on December 31, 2011 (Doc. 134).  This is the latest in a series of motions filed by Plaintiffs' counsel designed to salvage a deficient lawsuit that: 1) was filed prematurely (the original lawsuit was filed on October 18, 2010–approximately six weeks prior to the date that HB 2281 became effective– and has been amended three times already); and 2) fails to support a sustainable cause of

action. Defendant John Huppenthal, through undersigned counsel, hereby objects to the Motion for Intervention as untimely.

In this circuit, a court may grant a Rule 24(b)(1)(B) motion to intervene, where the proposed intervenors show: "(1) independent grounds for jurisdiction;[1] (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common."[2] Fed. R. Civ. P. 24(b)(1)(B); *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) (hereinafter "*LULAC*") (internal citations omitted). Timeliness is a threshold matter, and "a finding of untimeliness defeats a motion for permissive intervention." *Id.* at 1308 (internal citations omitted). The Court analyzes the timeliness factor more strictly on a motion for permissive intervention than a motion for intervention as a matter of right. *Id.* In determining timeliness, the courts consider "the stage of the proceedings, the prejudice to existing parties, and the length of and reason for delay." *Id.*

The Proposed Intervenors do not offer any reason for their delay. "'A party seeking to intervene must act as soon as he knows or has reason to know that his interests might be adversely affected by the outcome of the litigation.'" *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir. 2002) quoting *United States v. Oregon*, 913 F.2d 576, 589 (9th Cir. 1990). Here, by their own admission, the Proposed Intervenors have attended Tucson Unified School District Governing Board meetings and participated in rallies and marches in support of the Mexican American Studies ("MAS") Program. While the Proposed Intervenors may not have been certain that a ruling in this case would produce a result adverse to their personal political or educational preferences, they had reason to know that it could impact those preferences. The Proposed Intervenors should have realized that the case could affect the availability of MAS courses

---

[1] Regardless of the Proposed Intervenor Student's claim, Defendant reserves his right to challenge the standing of the parent who proposes to intervene.

[2] Even if an applicant satisfies threshold requirements, permissive intervention may be denied at the Court's discretion. *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th. Cir. 1998)).

and intervened or joined the lawsuit sooner to protect their claimed rights from this possibility. They should have known that the risks of waiting included possible denial of their motions to intervene as untimely. *See Commercial Realty Projects*, 309 F.3d at 1120 (denying a motion to intervene when the proposed intervenors knew of the controversy and should have known that their interests may be impacted by the outcome of the case).

In addition, from a timing standpoint, the Proposed Intervenors' attempt to interject themselves at this stage of the litigation is prejudicial. While no trial date has been set and the parties have not engaged in significant discovery (Doc. 134 at 3-4) due in large part to the Plaintiffs' three amendments to the original complaint (Docs. 20, 53 and 84), the Proposed Intervenors, by their own admission, bring no new claims to the litigation. If intervention is granted, the Defendant would likely file another Motion to Dismiss in this case, and the parties would be subject to yet another round of motions. Intervention is only proper when it would not cause disruption or delay in the proceedings. *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). The original parties have covered significant legal ground with three amendments to the complaint (Docs. 20, 53 and 84), two motions to dismiss (Docs. 59 and 88), two motions for summary judgment (Docs. 46 and 97), and one motion for preliminary injunction (Doc. 113). The mere fact that the parties have not begun significant discovery does not make Proposed Intervenors' Motion timely. *See LULAC*, 131 F.3d at 1303 (prohibiting intervention where the original parties had already covered significant legal ground, including substantive proceedings).

The Court should exercise its equitable discretion and deny Proposed Intervenors' Motion for Intervention.

Dated this 17th day of January, 2012.

        THOMAS C. HORNE
        Attorney General

        /s/ Kevin D. Ray
        Kevin D. Ray, Esq.
        Jinju Park Hurtado, Esq.
        Assistant Attorneys General
        *Attorneys for Defendant John Huppenthal, Superintendent of Public Instruction, in his Official Capacity; and the State Board of Education and its individual members, in their official capacity as nominal parties*

**CERTIFICATE OF SERVICE**

    I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following, if CM/ECF registrants, and mailed a copy of same to any non-registrants, this this 17th day of January, 2012 to:

Richard M. Martinez, Esq.
307 South Convent Avenue
Tucson, Arizona 85701
RMLaw@RichardMartinezLaw.com

By: /s/ Phil Londen
#2556439_v2