THOMAS C. HORNE
Attorney General
Firm Bar No. 14000
Kevin D. Ray, No. 007485
Jinju Park Hurtado, No. 026023
Assistant Attorneys General
1275 West Washington Street
Phoenix, Arizona  85007-2926
Telephone: (602) 542-8328
Facsimile:  (602) 364-0700
Email: EducationHealth@azag.gov

*Attorneys for Defendant John Huppenthal,*
*Superintendent of Public Instruction, in his official capacity;*
*and the State Board of Education and its individual members,*
*in their official capacity as nominal parties*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MAYA ARCE and KORINA ELIZA LOPEZ,<br><br>    Plaintiffs,<br><br>vs.<br><br>JOHN HUPPENTHAL, Superintendent of Public Instruction and Executive Director of the Arizona State Board of Education, in his Official Capacity, the ARIZONA STATE BOARD OF EDUCATION, including all members in their Official Capacity; VICKI BALANTINE, JACOB MOORE, JOHN HAEGER, JAIME MOLERA, AMY HAMILTON, EILEEN KLEIN, GREGORY MILLER, JAMES HORTON, DIANNE ORTIZ-PARSONS, and THOMAS TYREE,<br><br>    Defendants. | Case No. CV-10-623-TUC-AWT<br><br>**ANSWER TO PLAINTIFFS'**<br>**THIRD AMENDED COMPLAINT**<br><br>Honorable A. Wallace Tashima |

1

Defendant, John Huppenthal, in his official capacity as Superintendent of Public Instruction, by and through undersigned counsel, and pursuant to Rule 12, Federal Rules of Civil Procedure, hereby submits his Answer in response to Plaintiffs' Complaint. Defendant admits, denies, and alleges as follows:

## I. JURISDICTION

1. Defendant admits that plaintiffs' Third Amended Complaint raises federal questions.

## II. VENUE

2. Defendant admits that venue in this Court is proper.

## III. PARTIES

3. Defendant affirmatively alleges that Paragraph 3 of the Third Amended Complaint is irrelevant due to the dismissal of this party pursuant to the Court's Order (Doc. 134) issued on January 10, 2012 and that no answer is necessary or proper.

4. Defendant affirmatively alleges that Paragraph 4 of the Third Amended Complaint is irrelevant due to the dismissal of this party pursuant to the Court's Order (Doc. 134) issued on January 10, 2012 and that no answer is necessary or proper.

5. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Third Amended Complaint and therefore denies the same. Notwithstanding the above, Plaintiffs' contention that the course offerings are currently available to junior and senior high school students by the Mexican American Studies ("MAS") Program is wrong. The Tucson Unified School District ("TUSD") Governing Board suspended the MAS program on January 10, 2012. (*See* Doc. 142, Exhibit 1.) Whether the courses will be available for Plaintiff Arce when she becomes eligible to enroll is speculative at this time.

6. Defendant affirmatively alleges that Paragraph 6 of the Third Amended Complaint is irrelevant due to the dismissal of this party pursuant to the Court's Order (Doc. 134) issued on January 10, 2012 and that no answer is necessary or proper.

7. Defendant affirmatively alleges that Paragraph 7 of the Third Amended Complaint is irrelevant due to the dismissal of this party pursuant to the Court's Order (Doc. 134) issued on January 10, 2012 and that no answer is necessary or proper.

8. Defendant affirmatively alleges that Paragraph 8 of the Third Amended Complaint is irrelevant due to the dismissal of this party pursuant to the Court's Order (Doc. 134) issued on January 10, 2012 and that no answer is necessary or proper.

9. Defendant affirmatively alleges that Paragraph 9 of the Third Amended Complaint is irrelevant due to the dismissal of this party pursuant to the Court's Order (Doc. 134) issued on January 10, 2012 and that no answer is necessary or proper.

10. Defendant affirmatively alleges that Paragraph 10 of the Third Amended Complaint is irrelevant due to the dismissal of this party pursuant to the Court's Order (Doc. 134) issued on January 10, 2012 and that no answer is necessary or proper.

11. Defendant affirmatively alleges that Paragraph 11 of the Third Amended Complaint is irrelevant due to the dismissal of this party pursuant to the Court's Order (Doc. 134) issued on January 10, 2012 and that no answer is necessary or proper.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Third Amended Complaint and therefore denies the same. Notwithstanding the above, Plaintiffs' contention that the course offerings are currently available to junior and senior high school students by the MAS Program is wrong. The TUSD Governing Board suspended the MAS program on January 10, 2012. (*See* Doc. 142, Exhibit 1.) Whether the courses will be available for Plaintiff Lopez when she becomes eligible to enroll is speculative at this time.

13. Defendant affirmatively alleges that Paragraph 13 of the Third Amended Complaint is irrelevant due to the dismissal of this party pursuant to the Court's Order (Doc. 134) issued on January 10, 2012 and that no answer is necessary or proper.

14. Defendant affirmatively alleges that Paragraph 14 of the Third Amended Complaint is irrelevant due to the dismissal of this party pursuant to the Court's Order (Doc. 134) issued on January 10, 2012 and that no answer is necessary or proper.

1. 15.    Defendant affirmatively alleges that Paragraph 15 of the Third Amended Complaint is irrelevant due to the dismissal of this party pursuant to the Court's Order (Doc. 134) issued on January 10, 2012 and that no answer is necessary or proper.

16.    Answering Paragraph 16, Defendant admits that Tom Horne was the Superintendent of Public Instruction, and as such, was the highest ranking state officer for K-12 Public Instruction and had the authority to determine whether TUSD was in compliance with A.R.S. § 15-112.

17.    Answering Paragraph 17, Defendant admits that Tom Horne issued findings that TUSD violated A.R.S § 15-112 while he was Superintendent of Public Instruction.

18.    Defendant admits Paragraph 18 of Plaintiffs' Third Amended Complaint.

19.    Defendant admits Paragraph 19 of Plaintiffs' Third Amended Complaint.

20.    Defendant admits Paragraph 20 of Plaintiffs' Third Amended Complaint.

21.    Defendant admits Paragraph 21 of Plaintiffs' Third Amended Complaint, in part, but further alleges that the cited contents of the audit must be viewed in the context of the entire report.

22.    Defendant admits Paragraph 22 of Plaintiffs' Third Amended Complaint.

23.    Defendant admits Paragraph 23 of Plaintiffs' Third Amended Complaint.

24.    Defendant admits that the Arizona State Board of Education exists pursuant to statutory authority provided by the Legislature of the State of Arizona.  However, Defendant affirmatively asserts that the Arizona State Board of Education is also established in the Arizona State Constitution.

25.    Defendant admits Paragraph 25 of Plaintiffs' Third Amended Complaint.

26.    Defendant denies Paragraph 26 of Plaintiffs' Third Amended Complaint.

27.    Defendant admits Paragraph 27 of Plaintiffs' Third Amended Complaint.

28.    Defendant admits Paragraph 28 of Plaintiffs' Third Amended Complaint.

29.    Defendant admits Paragraph 29 of Plaintiffs' Third Amended Complaint.

30.    Defendant admits Paragraph 30 of Plaintiffs' Third Amended Complaint.

31.    Defendant denies Paragraph 31 of Plaintiffs' Third Amended Complaint.

4

1   32.   Defendant admits Paragraph 32 of Plaintiffs' Third Amended Complaint.

2   33.   Defendant admits Paragraph 33 of Plaintiffs' Third Amended Complaint.

### IV.   PLAINTIFFS' ACTION

34.   Defendant admits that this is an action seeking equitable relief from the Court, but denies all remaining allegations of Paragraph 34 of the Third Amended Complaint. Further, the allegations of Paragraph 34 of the Third Amended Complaint state a legal conclusion to which no answer is required.

35.   Defendant admits that Plaintiffs allege that their cause of action is based on 42 U.S.C. § 1983 and 28 U.S.C. § 2201, but denies all remaining allegations of Paragraph 35 of the Third Amended Complaint. Further, the allegations of Paragraph 35 of the Third Amended Complaint state a legal conclusion to which no answer is required.

### V.   GENERAL ALLEGATIONS

36.   Defendant affirmatively alleges that Paragraph 36 of the Third Amended Complaint is irrelevant and that no answer is necessary or proper.

37.   Defendant affirmatively alleges that Paragraph 37 of the Third Amended Complaint is irrelevant and that no answer is necessary or proper.

38.   Defendant affirmatively alleges that Paragraph 38 of the Third Amended Complaint is irrelevant and that no answer is necessary or proper.

39.   Defendant affirmatively alleges that Paragraph 39 of the Third Amended Complaint is irrelevant and that no answer is necessary or proper.

40.   Defendant affirmatively alleges that Paragraph 40 of the Third Amended Complaint is irrelevant and that no answer is necessary or proper.

41.   Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 41 and therefore denies same.

42.   Defendant affirmatively alleges that Paragraph 42 of the Third Amended Complaint is irrelevant and that no answer is necessary or proper.

43.   Defendant affirmatively alleges that Paragraph 43 of the Third Amended Complaint is irrelevant and that no answer is necessary or proper.

1  44.   Defendant is without sufficient information and knowledge to form a belief as to the
2  truth of the allegations contained in Paragraph 44 and therefore denies same.
3  45.   Defendant affirmatively alleges that Paragraph 45 of the Third Amended Complaint is
4  irrelevant and that no answer is necessary or proper.
5  46.   Defendant affirmatively alleges that Paragraph 46 of the Third Amended Complaint is
6  irrelevant and that no answer is necessary or proper.
7  47.   Defendant affirmatively alleges that Paragraph 47 of the Third Amended Complaint is
8  irrelevant and that no answer is necessary or proper.
9  48.   Defendant affirmatively alleges that Paragraph 48 of the Third Amended Complaint is
10 irrelevant and that no answer is necessary or proper.
11 49.   Defendant is without sufficient information and knowledge to form a belief as to the
12 truth of the allegations contained in Paragraph 49 and therefore denies same.
13 50.   Defendant affirmatively alleges that Paragraph 50 of the Third Amended Complaint is
14 irrelevant and that no answer is necessary or proper.
15 51.   Defendant affirmatively alleges that Paragraph 51 of the Third Amended Complaint is
16 irrelevant and that no answer is necessary or proper.
17 52.   Defendant is without sufficient information and knowledge to form a belief as to the
18 truth of the allegations contained in Paragraph 52 and therefore denies same.
19 53.   Defendant affirmatively alleges that Paragraph 53 of the Third Amended Complaint is
20 irrelevant and that no answer is necessary or proper.
21 54.   Defendant affirmatively alleges that Paragraph 54 of the Third Amended Complaint is
22 irrelevant and that no answer is necessary or proper.
23 55.   Defendant is without sufficient information and knowledge to form a belief as to the
24 truth of the allegations contained in Paragraph 55 and therefore denies same.
25 56.   Defendant affirmatively alleges that Paragraph 56 of the Third Amended Complaint is
26 irrelevant and that no answer is necessary or proper.
27 57.   Defendant affirmatively alleges that Paragraph 57 of the Third Amended Complaint is
28 irrelevant and that no answer is necessary or proper.

1  58.    Defendant is without sufficient information and knowledge to form a belief as to the
2 truth of the allegations contained in Paragraph 58 and therefore denies same.

3  59.    Defendant affirmatively alleges that Paragraph 59 of the Third Amended Complaint is
4 irrelevant and that no answer is necessary or proper.

5  60.    Defendant affirmatively alleges that Paragraph 60 of the Third Amended Complaint is
6 irrelevant and that no answer is necessary or proper.

7  61.    Defendant is without sufficient information and knowledge to form a belief as to the
8 truth of the allegations contained in Paragraph 61 and therefore denies same.

9  62.    Defendant affirmatively alleges that Paragraph 62 of the Third Amended Complaint is
10 irrelevant and that no answer is necessary or proper.

11  63.    Defendant affirmatively alleges that Paragraph 63 of the Third Amended Complaint is
12 irrelevant and that no answer is necessary or proper.

13  64.    Defendant affirmatively alleges that Paragraph 64 of the Third Amended Complaint is
14 irrelevant and that no answer is necessary or proper.

15  65.    Defendant affirmatively alleges that Paragraph 65 of the Third Amended Complaint is
16 irrelevant and that no answer is necessary or proper.

17  66.    Defendant affirmatively alleges that Paragraph 66 of the Third Amended Complaint is
18 irrelevant and that no answer is necessary or proper.

19  67.    Defendant affirmatively alleges that Paragraph 67 of the Third Amended Complaint is
20 irrelevant and that no answer is necessary or proper.

21  68.    Defendant is without sufficient knowledge or information to form a belief as to the
22 truth of the allegations contained in Paragraph 68 of the Third Amended Complaint and
23 therefore denies the same.

24  69.    Defendant is without sufficient knowledge or information to form a belief as to the
25 truth of the allegations contained in Paragraph 69 of the Third Amended Complaint and
26 therefore denies the same.  Notwithstanding the above, Plaintiffs' contention that the course
27 offerings are currently available to junior and senior high school students by the MAS
28 Program is wrong.  The TUSD Governing Board suspended the MAS program on January

1  10, 2012.  (*See* Doc. 142, Exhibit 1.)  Whether the courses will be available for Plaintiff Arce
2  when she becomes eligible to enroll is speculative at this time.
3  70.  Defendant is without sufficient knowledge or information to form a belief as to the
4  truth of the allegations contained in Paragraph 70 of the Third Amended Complaint and
5  therefore denies the same.
6  71.  Defendant is without sufficient knowledge or information to form a belief as to the
7  truth of the allegations contained in Paragraph 71 of the Third Amended Complaint and
8  therefore denies the same.  Notwithstanding the above, Plaintiffs' contention that the course
9  offerings are currently available to junior and senior high school students by the MAS
10 Program is wrong.  The TUSD Governing Board suspended the MAS program on January
11 10, 2012.  (*See* Doc. 142, Exhibit 1.)  Whether the courses will be available for Plaintiff
12 Lopez when she becomes eligible to enroll is speculative at this time.
13 72.  Defendant is without sufficient information and knowledge to form a belief as to the
14 truth of the allegations contained in Paragraph 72 of the Third Amended Complaint and
15 therefore denies the same.
16 73.  Defendant is without sufficient information and knowledge to form a belief as to the
17 truth of the allegations contained in Paragraph 73 of the Third Amended Complaint and
18 therefore denies the same.
19 74.  Defendant is without sufficient information and knowledge to form a belief as to the
20 truth of the allegations contained in Paragraph 74 of the Third Amended Complaint and
21 therefore denies the same.
22 75.  Defendant denies Paragraph 75 of the Third Amended Complaint.
23 76.  Defendant denies Paragraph 76 of the Third Amended Complaint.
24 77.  Answering Paragraph 77, Defendant admits that Hispanics comprise the largest
25 portion of the students enrolled in the MAS Program at TUSD, but denies the remainder of
26 the allegations contained in paragraph 77.
27 78.  Defendant denies Paragraph 78 of the Third Amended Complaint.
28 79.  Defendant denies Paragraph 79 of the Third Amended Complaint.

80. Answering Paragraph 80, Defendant admits that the book "Occupied America" by Rodolfo F. Acuna is being used in the MAS Program as a course text, but deny that this text is an appropriate or "standard" high school level textbook.

81. Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 81 of the Third Amended Complaint and therefore denies the same.

82. Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 82 of the Third Amended Complaint and therefore denies the same.

83. Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 83 of the Third Amended Complaint and therefore denies the same.

84. Answering Paragraph 84, Defendant admits that Tom Horne was the Superintendent of Public Instruction, and as such, was the highest ranking state officer for K-12 Public Instruction and had the authority to determine whether TUSD was in compliance with A.R.S. § 15-112. Defendant denies the remainder of the allegations contained in Paragraph 84.

85. Answering Paragraph 85, Defendant admits that Tom Horne issued findings that TUSD violated A.R.S § 15-112 while he was Superintendent of Public Instruction. Defendant denies the remainder of the allegations contained in Paragraph 85.

86. Answering Paragraph 86, Defendant admits that John Huppenthal is the current Superintendent of Public Instruction, and as such, is the highest ranking state officer for K-12 Public Instruction and has the authority to determine whether TUSD was in compliance with A.R.S. § 15-112. Defendant denies the remainder of the allegations contained in Paragraph 86.

87. Answering Paragraph 87, Defendant admits that the current Superintendent of Public Instruction, John Huppenthal, issued findings that TUSD violated A.R.S § 15-112. Defendant denies the remainder of the allegations contained in Paragraph 87.

88. Answering Paragraph 88, Defendant admits that former Superintendant of Public Instruction of the State of Arizona, Tom Horne, issued a finding of violation against TUSD, attached to the Third Amended Complaint as Exhibit B, that found the MAS Program impermissibly race-specific and affirmatively asserts that the notice of violation speaks for itself. Defendant denies the remainder of the allegations contained in Paragraph 88.

89. Defendant admits the allegations contained in Paragraph 89 of the Third Amended Complaint.

90. Defendant admits the allegations contained in Paragraph 90 of the Third Amended Complaint. However, Defendant affirmatively asserts that Jan Brewer is not a named defendant in this matter.

91. Defendant admits the allegations contained in Paragraph 91 of the Third Amended Complaint.

92. Answering Paragraph 92 of the Third Amended Complaint, Defendant admits that a copy of House Bill 2281 is attached to Plaintiffs' Third Amended Complaint.

93. Answering Paragraph 93, these allegations constitute unsupportable speculation and Defendant denies same.

94. Defendant admits the allegations contained in Paragraph 94 of the Third Amended Complaint.

95. Answering Paragraph 95, Defendant admits that former Superintendant of Public Instruction of the State of Arizona, Tom Horne, issued a finding of violation against TUSD, attached to the Third Amended Complaint as Exhibit B, finding that the MAS Program was impermissibly race-specific and affirmatively asserts that the notice of violation speaks for itself. Defendant denies the remainder of the allegations contained in Paragraph 95.

96. Answering Paragraph 96, Defendant admits that former Superintendant of Public Instruction of the State of Arizona, Tom Horne, issued a finding of violation against TUSD and affirmatively asserts that the notice of violation speaks for itself.

1   97.    Answering Paragraph 97, Defendant admits that former Superintendant of Public Instruction of the State of Arizona, Tom Horne, issued a finding of violation against TUSD and affirmatively asserts that the notice of violation speaks for itself.

4   98.    Answering Paragraph 98, Defendant admits that former Superintendant of Public Instruction of the State of Arizona, Tom Horne, issued a finding of violation against TUSD and affirmatively asserts that the notice of violation speaks for itself.

7   99.    Answering Paragraph 99, Defendant admits that former Superintendant of Public Instruction of the State of Arizona, Tom Horne, issued a finding of violation against TUSD and affirmatively asserts that the notice of violation speaks for itself.

10  100.   Answering Paragraph 100, Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations contained in the Paragraph. Moreover, this paragraph makes no allegation against Defendant Huppenthal. Defendant Huppenthal, therefore, denies same.

14  101.   Defendant denies Paragraph 101 of the Third Amended Complaint.

15  102.   Defendant denies Paragraph 102 of the Third Amended Complaint.

16  103.   Defendant denies Paragraph 103 of the Third Amended Complaint.

17  104.   Defendant denies Paragraph 104 of the Third Amended Complaint.

18  105.   Answering Paragraph 105, Defendant admits that the current Superintendent of Public Instruction, John Huppenthal, issued findings that TUSD violated A.R.S § 15-112, and affirmatively asserts that the notice of violation speaks for itself.  Defendant denies the remainder of the allegations contained in Paragraph 105.

22  106.   Defendant denies Paragraph 106 of the Third Amended Complaint.

23  107.   Defendant denies Paragraph 107 of the Third Amended Complaint.

24  108.   Defendant denies Paragraph 108 of the Third Amended Complaint.

25  109.   Defendant denies Paragraph 109 of the Third Amended Complaint.

26  110.   Defendant denies Paragraph 110 of the Third Amended Complaint.

27  111.   Defendant denies Paragraph 111 of the Third Amended Complaint.

28  112.   Defendant denies Paragraph 112 of the Third Amended Complaint.

1    113.   Answering Paragraph 113, Defendant admits that the current Superintendent of Public
2    Instruction, John Huppenthal, hired Cambium to perform a Curriculum Audit of TUSD's
3    MAS Program.  Defendant denies the remainder of the allegations contained in Paragraph
4    113.

## COUNT ONE

## FOURTEENTH AMENDMENT: EQUAL PROTECTION

## (42.S.C. § 1983)

114.   Answering the allegations contained in Paragraph 114 of the Third Amended
Complaint, Defendant restates and incorporates herein his Answers to paragraphs 1 through
113 as if set forth fully herein.

115.   Defendant denies the allegations contained in Paragraph 115 of the Third Amended
Complaint.

116.   Defendant denies the allegations contained in paragraph 116 of the Third Amended
Complaint.

## COUNT TWO

## FIRST AMENDMENT: Free Speech

117.   Answering the allegations contained in Paragraph 114 of the Third Amended
Complaint, Defendant restates and incorporates herein his Answers to paragraphs 1 through
116 as if set forth fully herein.

118.   Defendant denies the allegations contained in Paragraph 118 of the Third Amended
Complaint.

119.   Defendant denies the allegations contained in paragraph 119 of the Third Amended
Complaint.

## COUNT THREE

## FIRST AMENDMENT: Freedom of Association

120.   Answering the allegations contained in Paragraph 120 of the Third Amended
Complaint, Defendant restates and incorporates herein his Answers to paragraphs 1 through
119 as if set forth fully herein.

1  121.   Defendant affirmatively alleges that Paragraph 4 of the Complaint is irrelevant due to
2  the dismissal of this claim pursuant to the Court's Order (Doc. 134) issued on January 10,
3  2012 and that no answer is necessary or proper.
4  122.   Defendant denies the allegations contained in paragraph 122 of the Third Amended
5  Complaint.

## COUNT FOUR
## FOURTEENTH AMENDMENT: DUE PROCESS
## (42 U.S.C. § 1983: Void for Vagueness – Facial)

9  123.   Answering the allegations contained in Paragraph 123 of the Third Amended
10 Complaint, Defendant restates and incorporates herein his Answers to paragraphs 1 through
11 122 as if set forth fully herein.
12 124.   Defendant denies the allegations contained in Paragraph 124 of the Third Amended
13 Complaint.
14 125.   Defendant denies the allegations contained in paragraph 125 of the Third Amended
15 Complaint.

## COUNT FIVE
## FOURTEENTH AMENDMENT: DUE PROCESS
## (42 U.S.C. § 1983: Void for Vagueness – As-Applied)

19 126.   Answering the allegations contained in Paragraph 126 of the Third Amended
20 Complaint, Defendant restates and incorporates herein his Answers to paragraphs 1 through
21 125 as if set forth fully herein.
22 127.   Defendant denies the allegations contained in Paragraph 127 of the Third Amended
23 Complaint.
24 128.   Defendant denies the allegations contained in paragraph 128 of the Third Amended
25 Complaint.
26 //
27 //
28 //

## COUNT FIVE

## FOURTEENTH AMENDMENT: DUE PROCESS

### (42 U.S.C. § 1983: Substantive)

129. Answering the allegations contained in Paragraph 129 of the Third Amended Complaint, Defendant restates and incorporates herein his Answers to paragraphs 1 through 128 as if set forth fully herein.

130. Defendant denies the allegations contained in Paragraph 130 of the Third Amended Complaint.

131. Defendant denies the allegations contained in paragraph 131 of the Third Amended Complaint.

## DECLARATORY JUDGMENT

### (42 U.S.C. § 2201)

132. Answering the allegations contained in Paragraph 132 of the Third Amended Complaint, Defendant restates and incorporates herein his Answers to paragraphs 1 through 131 as if set forth fully herein.

133. Defendant denies the allegations contained in Paragraph 133 of the Third Amended Complaint.

134. Defendant denies the allegations contained in paragraph 134 of the Third Amended Complaint.

## AFFIRMATIVE DEFENSES

1. As and for his affirmative defenses, defendant Superintendant John Huppenthal affirmatively asserts that:

    a. Plaintiffs' claims are not ripe and some are moot;

    b. Plaintiffs have not engaged in protected speech and protected speech is not otherwise implicated by the allegations of the Third Amended Complaint;

    c. Plaintiffs cannot establish discriminatory intent sufficient to state a claim under the Equal Protection Clause of the 14th Amendment;

2. There may be other affirmative defenses contemplated by Rule 8 and 12 of the Federal Rules of Civil Procedure, the facts of which are currently unknown to Defendant, and, therefore, the Defendant reserves the right to assert such defenses as these facts become available.

**PRAYER FOR RELIEF**

WHEREFORE, having answered each and every allegation contained in the Complaint, Defendant requests that the Court enter Judgment in favor of Defendant and against Plaintiffs on the following items:

1. Dismissing all claims of the Plaintiffs alleged in the Complaint with prejudice, or, in the alternative, denying Plaintiffs' claims and request for relief;

2. Awarding Defendant his reasonable attorney's fees and costs to the extent allowed by law; and

3. Awarding Defendant all such other relief or remedies at law or in equity that the Court deem just and proper.

DATED this 24th day of January, 2012.

THOMAS C. HORNE
Attorney General

/s/ Kevin D. Ray
Kevin D. Ray
Jinju Park Hurtado
Assistant Attorneys General
*Attorney for Defendant John Huppenthal, Superintendent of Public Instruction, in his Official Capacity; and the State Board of Education and its individual members, in their official capacity as nominal parties*

**CERTIFICATE OF SERVICE**

    I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following, if CM/ECF registrants, and mailed a copy of same to any non-registrants, this 24th day of January, 2012 to:

Richard M. Martinez, Esq.
307 South Convent Avenue
Tucson, Arizona 85701
RMLaw@RichardMartinezLaw.com

/s/ Phil Londen
#2576232