**RICHARD M. MARTINEZ, SBA No. 7763**
307 South Convent Avenue
Tucson, Arizona 85701
(520) 327-4797 phone
(520) 320-9090 fax
richard@richardmartinezlaw.com
**Counsel for Plaintiffs Acosta, et. al. and
Plaintiffs-Intervernors Dominguez**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CURTIS ACOSTA, SEAN ARCE, MAYA ARCE, MARIA FEDERICO BRUMMER, DOLORES CARRION, ALEXANDRO ESCAMILLA, JOSE GONZALEZ, NORMA GONZALEZ, LORENZO LOPEZ, JR., KORINA ELIZA LOPEZ, RENE F. MARTINEZ, SARA "SALLY" RUSK, and YOLANDA SOTELO,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN HUPPENTHAL, Superintendent of Public Instruction, et al.<br><br>Defendants. | No. CV 10 - 623 TUC AWT<br><br>**PLAINTIFFS' REPLY TO RESPONSE TO MOTION FOR INTERVENTION** |

In the few weeks since the proposed intervenors, Nicholas A. Dominguez and Margarita Elena Dominguez filed their Motion for Intervention, their need to assert their rights in this action has become critical. On January 10, 2010, the TUSD Governing Board responded to Superintendent Huppenthal's imposition of a sanction equal to ten percent of TUSD's state funding by eliminating the Mexican American Studies (MAS) classes.[1] As a result, Mr. Dominguez' three MAS classes have been converted to regular English, U.S. History and U.S. Government classes. Because

---

[1] A copy of the Governing Board's resolution eliminating the MAS classes is found in Ct Dkt. No. 142, p. 16. Although the document does not contain information identifying it as the resolution passed by the TUSD Governing Board on January 10, 2012, it is identified as such and posted on the TUSD web site at www.tusd.k12.az.us/contents/events_ethnic2.html (last accessed January 20, 2012).

he is a senior, this spring semester is his final opportunity to take MAS classes.

This Motion for Intervention is timely in light of all three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene, (2) the prejudice to other parties; and (3) the reason for and length of the delay."[2]

In assessing timeliness, the Court should employ a "nuanced, pragmatic approach" in examining what has already occurred in the litigation.[3] For example, in *LULAC*, the Ninth Circuit upheld the district court's denial of leave to intervene where the motion to intervene was filed twenty-seven months after the original complaint was filed and eighteen months after four other groups had successfully intervened. During that time, the district court had issued a temporary restraining order and a preliminary injunction. The defendants had completed an appeal of the issuance of the preliminary injunction to the Ninth Circuit, the district court certified a plaintiff class, denied a motion to dismiss, the defendants filed an answer, the district court granted in part and denied in part the plaintiffs' motion for summary judgment and the parties had conducted nine months of discovery.[4] By contrast, Mr. Dominguez and Ms. Dominguez sought leave to intervene fourteen months after the suit was filed and before discovery has taken place. Although the Court has denied the plaintiff's motion for preliminary injunction and denied in part and granted in part the defendant's motion to dismiss, the defendant has not yet filed an answer to the Third Amended Complaint and the plaintiffs have not yet finished briefing their Motion for Summary Judgment.[5] This litigation has not progressed nearly so far as had the litigation in *LULAC* and

---

[2] *LULAC v. Wilson*, 131 F.3d 1297, 1302, 1308 (9th Cir. 1997).

[3] *Ibid.*, 131 F.3d at 1303.

[4] *Ibid.*

[5] Superintendent Huppenthal similarly misplaces his reliance on *Cal. Dep't. Of Toxic Substances Control v. Comm. Realty Projects, Inc.*, 309 F.3d 113 (9th Cir. 2002). That case involved an attempted intervention when, after six years of complex hazardous waste clean up litigation, the parties had reached a settlement and the proposed intervenors had rejected multiple attempts by the parties to include them in settlement negotiations.

*Commercial Realty Projects.*

Any potential delay that would be caused by the fact that Superintendent Huppenthal might choose to file a motion to dismiss the claims of the proposed intervenors would be minimal and does not constitute any type of meaningful prejudice to him. The Ninth Circuit has recognized that every intervention prolongs litigation to some degree.[6] However, "that additional delay is not alone decisive (otherwise *every* intervention motion would be denied out of hand because it carried with it, almost by definition, the prospect of prolonging the litigation.)"[7] Viewing the facts through the required "nuanced, pragmatic approach," and in light of Ninth Circuit precedent, the proposed intervention here would not cause the type of prejudicial delay sufficient to deny leave to intervene.

Mr. Dominguez and Ms. Dominguez moved for leave to intervene only four days after the ALJ ruled that the MAS program violated HB 2281. At that time, TUSD's failure to win its administrative appeal constituted a concrete step toward the elimination of the MAS program. As a twelfth-grade student, Mr. Dominguez had little reason to believe that the current student plaintiffs would not be in a position to adequately protect his rights by their inability to obtain a preliminary injunction or to believe that his intervention in this action might be necessary.[8] Upon realizing that he might need to bring suit against Superintendent Huppenthal in order to have an opportunity to finish the MAS classes that he had started, he took swift action to intervene.

Finally, the Court should allow intervention because, as a student who has

---

[6] *LULAC*, 131 F.3d at 1304.

[7] *Ibid.,* (original emphasis). Contrary to Superintendent Huppenthal's assertion, *Citizens For Balanced Use v. Mont. Wilderness Assoc.,* 647 F.3d 893 (9th Cir. 2011) does not stand for the proposition that "[i]ntervention is only proper when it would not cause disruption or delay in the proceedings." Ct. Dkt. No. 139, p.3. Rather, the Ninth Circuit there stated that a lack of disruption or delay is a "traditional feature of a timely motion." *Ibid.*, 647 F.3d at 897.

[8] The Court may properly consider whether the intervenors' interests are adequately represented by other parties. *Spangler v. Pasadena City Bd. of Ed.,* 552 F.2d 1326, 1329 (9th Cir. 1977).

taken MAS classes and is currently being denied the opportunity finish those classes, Mr. Dominguez has the ability to "significantly contribute to the full development of the underlying factual legal issues in the suit and to the just and equitable adjudication of the legal questions presented."[9] He deserves the right to be heard and to protect his interests.[10]

For these reasons, the proposed intervenors and plaintiffs respectfully request that the Court grant the Motion for Intervention.

Respectfully submitted this 27th day of January, 2012.

    s/ *Richard M. Martinez*, Esq.
RICHARD M. MARTINEZ, ESQ.
Counsel for Plaintiffs and Plaintiffs-Intervenors

**Certificate of Service**

I hereby certify that on January 27, 2012, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of the instant motion via the Notice of Electronic Filing to the CM/ECF registrants of record.

    s/*Richard M. Martinez,* Esq
Counsel for Plaintiffs and Plaintiffs-Intervenors

---

[9] *Ibid.*

[10] An expedited ruling is respectfully requested as plaintiffs will be filing a request for a Temporary Restraining Order by February 3, 2012.

- 4 -