THOMAS C. HORNE
Attorney General
Firm Bar No. 14000
Kevin D. Ray, No. 007485
Jinju Park Hurtado, No. 026023
Assistant Attorneys General
1275 West Washington Street
Phoenix, Arizona   85007-2926
Telephone: (602) 542-8328
Facsimile:  (602) 364-0700
Email: EducationHealth@azag.gov

*Attorneys for Defendant John Huppenthal,*
*Superintendent of Public Instruction, in his official capacity;*
*and the State Board of Education and its individual members,*
*in their official capacity as nominal parties*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| MAYA ARCE, et al., | Case No. CV-10-623-TUC-AWT |
| Plaintiffs, | **ANSWER TO COMPLAINT IN INTERVENTION** |
| and | |
| NICHOLAS A. DOMINGUEZ, et al., | Honorable A. Wallace Tashima |
| Intervenors, | |
| vs. | |
| JOHN HUPPENTHAL, Superintendent of Public Instruction et al., | |
| Defendants. | |

For his Answer to the Complaint in Intervention by Margarita Elena Dominguez and Nicholas A. Dominguez, Defendants John Huppenthal, in his official capacity as Superintendent of Public Instruction, hereby admits, denies, and avers as follows:

1

## I. JURISDICTION

1. Defendant admits that Intervenors' Complaint raises federal questions.

## II. VENUE

2. Defendant admits that if the Court has jurisdiction over the claims in the Complaint in Intervention, venue would be proper in this Court.

## III. PARTIES

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint in Intervention and therefore denies the same.

4. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint in Intervention and therefore denies the same. Notwithstanding the above, Intervenors' contention that Nicholas Dominguez is currently enrolled in three Mexican American Studies ("MAS") classes is wrong. The Governing Board of the Tucson Unified School District No. 1 ("TUSD") suspended the MAS program on January 10, 2012. (*See* Doc. 142, Exhibit 1.)

5. Defendant admits Paragraph 5 of the Complaint in Intervention.

## IV. PLAINTIFF'S ACTION

6. The allegations of Paragraph 6 of the Complaint in Intervention state the Intervenors' intent in bringing this action to which no answer is required. They also state a legal conclusion to which no answer is required. Nevertheless, Defendant denies the allegations of Paragraph 6.

7. Defendant admits to the allegation in Paragraph 7 of the Complaint in Intervention that Plaintiffs allege that their cause of action is based on 42 U.S.C. § 1983 and 28 U.S.C. § 2201.

## V. GENERAL ALLEGATIONS

### Nicholas A. Dominguez

8. Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegation contained in Paragraph 8, and therefore denies the same.

9. Defendant is without sufficient information and knowledge to form a belief as to whether Intervenor Nicholas Dominguez enrolled in or attended MAS course offerings at the time the complaint was filed, as alleged in the first three lines of Paragraph 9. Defendant further avers that Intervenor Nicholas Dominguez is not currently enrolled in or attending MAS course offerings because the TUSD Governing Board suspended the MAS program on January 10, 2012.  (*See* Doc. 142, Exhibit 1.)  Defendant admits that the Defendant found that the MAS Program violated A.R.S. §§ 15-112(A)(2)-(4) and that an independent Administrative Law Judge affirmed this finding on December 27, 2011 after a full administrative hearing.  (Doc. 132-1.)  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 of the Complaint in Intervention, and therefore denies the same.

10. Defendant admits the allegations in Paragraph 10 that the Defendant found that the MAS Program violated A.R.S. §§ 15-112(A)(2)-(4) and that an independent Administrative Law Judge affirmed this finding on December 27, 2011 after a full administrative hearing.  (Doc. 132-1.)  Defendant further avers that the TUSD Governing Board suspended, but did not eliminate, the MAS program on January 10, 2012.  (*See* Doc. 142, Exhibit 1.)  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 of the Complaint in Intervention, but nevertheless denies any interruption to Intervenor Nicholas Dominguez's education.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint in Intervention.  Nevertheless, Defendant denies that Intervenor Nicholas Dominguez must enroll in any MAS classes in order to graduate.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint in Intervention, and therefore denies the same.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint in Intervention, and therefore denies

3

1  the same.  Defendant further avers that the TUSD Governing Board suspended the MAS
2  program and all course offerings on January 10, 2012 (Doc. 142, Exhibit 1), and that
3  Intervenor Nicholas Dominguez cannot be enrolled in any MAS course at this time.
4    14.    Defendant lacks knowledge or information sufficient to form a belief as to the truth
5  of the allegations of Paragraph 14 of the Complaint in Intervention, and therefore denies
6  the same.  Defendant further avers that the TUSD Governing Board suspended the MAS
7  program and all course offerings on January 10, 2012 (Doc. 142, Exhibit 1), and that
8  Intervenor Nicholas Dominguez cannot be enrolled in any MAS course at this time.
9    15.    Defendant lacks knowledge or information sufficient to form a belief as to the truth
10 of the allegations of Paragraph 15 of the Complaint in Intervention, and therefore denies
11 the same.  Defendant further avers that the TUSD Governing Board suspended the MAS
12 program and all course offerings on January 10, 2012 (Doc. 142, Exhibit 1), and that
13 Intervenor Nicholas Dominguez cannot be enrolled in any MAS course at this time.
14   16.    Defendant presently lacks knowledge or information sufficient to form a belief as to
15 the truth of the averments of Paragraph 16 of the Complaint in Intervention, and therefore
16 denies the same.  Defendant further avers that paragraph 16 is merely Intervenors' opinion,
17 to which no answer is required and denies the same.
18   17.    Defendant denies the allegations in Paragraph 17 of the Complaint in Intervention.
19   18.    Defendant admits that the TUSD Governing Board is comprised of five members.
20 However, Defendant presently lacks knowledge or information sufficient to form a belief
21 as to the truth of the remaining averments in Paragraph 18 of the Complaint in
22 Intervention, and therefore denies the same.
23   19.    The allegations of Paragraph 19 of the Complaint in Intervention state a legal
24 conclusion to which no answer is required.  Nevertheless, Defendant denies the allegations
25 of Paragraph 19.

<u>Margarita Elena Dominguez</u>

27   20.    Defendant is without sufficient information and knowledge to form a belief as to the
28 truth of the allegations contained in Paragraph 20, and therefore denies the same.

1  21.  Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 21, and therefore denies the same.

22.  The allegations of Paragraph 22 of the Complaint in Intervention state a legal conclusion to which no answer is required.  Nevertheless, Defendant denies the allegations of Paragraph 22.

Mexican American Studies Department

23.  Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint in Intervention and therefore denies the same.

24.  Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint in Intervention and therefore denies the same.

25.  Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint in Intervention and therefore denies the same.

26.  Defendant denies Paragraph 26 of the Complaint in Intervention.

27.  Defendant denies Paragraph 27 of the Complaint in Intervention.

28.  Defendant admits that Hispanics comprise the largest portion of the students enrolled in the MAS Program at TUSD, but denies the remainder of the allegations contained in Paragraph 28 of the Complaint in Intervention.

29.  Defendant denies Paragraph 29 of the Complaint in Intervention.

30.  Defendant denies Paragraph 30 of the Complaint in Intervention.

Mexican American Studies Department: Topic & Materials Utilized

31.  Defendant admits that the book "Occupied America" by Rodolfo F. Acuna is being used in the MAS Program as a course text, but denies that this text is an appropriate or "standard" high school level textbook.  Defendant denies the remaining allegations in Paragraph 31 of the Complaint in Intervention.

1    32.    Defendant is without sufficient information and knowledge to form a belief as to the
2    truth of the allegations contained in Paragraph 32 of the Complaint in Intervention and
3    therefore denies the same.
4    33.    Defendant is without sufficient information and knowledge to form a belief as to the
5    truth of the allegations contained in Paragraph 33 of the Complaint in Intervention and
6    therefore denies the same.
7    34.    Defendant admits that the book "Occupied America" by Rodolfo F. Acuna was
8    being used in the MAS Program as a course text, but is without sufficient information and
9    knowledge to form a belief as to the truth of the remaining allegations contained in
10   Paragraph 34 of the Complaint in Intervention and therefore denies the same.
11   35.    Defendant admits that John Huppenthal is the current Superintendent of Public
12   Instruction, and as such, is the highest ranking state officer for K-12 Public Instruction and
13   has the authority to determine whether TUSD was in compliance with A.R.S. § 15-112.
14   Defendant denies the remainder of the allegations contained in Paragraph 35 of the
15   Complaint in Intervention.
16   36.    Defendant admits that the current Superintendent of Public Instruction, John
17   Huppenthal, issued findings that TUSD violated A.R.S § 15-112.  Defendant denies the
18   remainder of the allegations contained in Paragraph 36 of the Complaint in Intervention.
19   37.    Defendant admits Paragraph 37 of the Complaint in Intervention.
20   38.    Defendant admits Paragraph 38 of the Complaint in Intervention.
21   39.    Defendant admits that the audit report contains the phrase noted in italics in
22   Paragraph 39 of the Complaint in Intervention, but avers that the cited contents of the audit
23   must be viewed in the context of the entire report.
24   40.    Defendant admits Paragraph 40 of the Complaint in Intervention.
25   41.    Defendant admits that he found TUSD in violation of A.R.S. § 15-112(A), but
26   denies the remainder of the allegations in Paragraph 41 of the Complaint in Intervention.
27   Defendant avers that TUSD was never subject to a sanction because the TUSD Governing
28

1   Board suspended, but did not eliminate, the MAS program on January 10, 2012 to bring it
2   into compliance with the law.  (*See* Doc. 142, Exhibit 1.)

House Bill 2281

4   42.   Defendant admits that former Superintendant of Public Instruction of the State of
5   Arizona, Tom Horne, issued a finding of violation against TUSD (*see* Doc. 68-2) that found
6   the MAS Program impermissibly race-specific and affirmatively asserts that the notice of
7   violation speaks for itself.  Defendant denies the remainder of the allegations contained in
8   Paragraph 42 of the Complaint in Intervention.

9   43.   Defendant admits the allegations contained in Paragraph 43 of the Complaint in
10  Intervention.

11  44.   Defendant admits the allegations contained in Paragraph 44 of the Complaint in
12  Intervention.

13  45.   Defendant admits the allegations contained in Paragraph 45 of the Complaint in
14  Intervention.

15  46.   Defendant admits the allegations contained in Paragraph 46 of the Complaint in
16  Intervention.

17  47.   Defendant admits that former Superintendant of Public Instruction of the State of
18  Arizona, Tom Horne, issued a finding of violation against TUSD finding that the MAS
19  Program was impermissibly race-specific (Doc. 68-2) and affirmatively asserts that the
20  notice of violation is the best evidence of its intended meaning.  Defendant denies the
21  remainder of the allegations contained in Paragraph 47.

22  48.   Answering Paragraph 48, Defendant admits that current Superintendent of Public
23  Instruction, John Huppenthal, issued findings that TUSD violated A.R.S § 15-112, and
24  affirmatively asserts that the notice of violation is the best evidence of its intended meaning.
25  Defendant denies the remainder of the allegations contained in Paragraph 48.

26  49.   Defendant admits the allegations in the first two sentences of Paragraph 49 of the
27  Complaint in Intervention but avers that the independent Administrative Law Judge found
28  the MAS Program violated A.R.S. §§ 15-112(A)(2), (3), and (4).  As to the third sentence

1  of Paragraph 49, Defendant avers that the language quoted by Intervenors is included in the
2  decision of the Administrative Law Judge, but that the language must be viewed in context
3  of the entire document, which is the best evidence of its intended meaning.

4  50. Defendant denies Paragraph 50 of the Complaint in Intervention.

5  51. Defendant denies Paragraph 51 of the Complaint in Intervention.

6  52. Defendant denies Paragraph 52 of the Complaint in Intervention.

7  53. The allegations of Paragraph 53 of the Complaint in Intervention state the
8  Intervenors' opinion and belief, to which no answer is required.  Further, Defendant is
9  without sufficient information and knowledge to form a belief as to whether Intervenors
10 voiced such opinions publicly.  Defendant therefore denies all allegations of Paragraph 53
11 of the Complaint in Intervention.

12 54. Defendant admits that the current Superintendent of Public Instruction, John
13 Huppenthal, hired Cambium to perform a Curriculum Audit of TUSD's MAS Program.
14 Defendant denies the remainder of the allegations contained in Paragraph 54 of the
15 Complaint in Intervention.

## COUNT ONE

## FOURTEENTH AMENDMENT: EQUAL PROTECTION

## (42 U.S.C. § 1983)

19 55. Answering the allegations contained in Paragraph 55 of the Complaint in
20 Intervention, Defendant restates and incorporates herein his Answers to paragraphs 1
21 through 54 as if set forth fully herein.

22 56. Defendant denies Paragraph 56 of the Complaint in Intervention.

23 57. Defendant denies Paragraph 57 of the Complaint in Intervention.

## COUNT TWO

## FIRST AMENDMENT: Free Speech

26 58. Answering the allegations contained in Paragraph 58 of the Complaint in
27 Intervention, Defendant restates and incorporates herein his Answers to paragraphs 1
28 through 57 as if set forth fully herein.

1  59. Defendant denies Paragraph 59 of the Complaint in Intervention.
2  60. Defendant denies Paragraph 60 of the Complaint in Intervention.

## COUNT THREE

## FOURTEENTH AMENDMENT: DUE PROCESS

### (42 U.S.C. § 1983: Void for Vagueness – Facial)

6  61. Answering the allegations contained in Paragraph 61 of the Complaint in
7  Intervention, Defendant restates and incorporates herein his Answers to paragraphs 1
8  through 60 as if set forth fully herein.
9  62. Defendant denies Paragraph 62 of the Complaint in Intervention.
10 63. Defendant denies Paragraph 63 of the Complaint in Intervention.

## COUNT FOUR

## FOURTEENTH AMENDMENT: DUE PROCESS

### (42 U.S.C. § 1983: Void for Vagueness – As-Applied)

14 64. Answering the allegations contained in Paragraph 64 of the Complaint in
15 Intervention, Defendant restates and incorporates herein his Answers to paragraphs 1
16 through 63 as if set forth fully herein.
17 65. Defendant denies Paragraph 65 of the Complaint in Intervention.
18 66. Defendant denies Paragraph 66 of the Complaint in Intervention.

## COUNT FOUR

## FOURTEENTH AMENDMENT: DUE PROCESS

### (42 U.S.C. § 1983: Substantive)

22 67. Answering the allegations contained in Paragraph 67 of the Complaint in
23 Intervention, Defendant restates and incorporates herein his Answers to paragraphs 1
24 through 66 as if set forth fully herein.
25 68. Defendant denies Paragraph 68 of the Complaint in Intervention.
26 69. Defendant denies Paragraph 69 of the Complaint in Intervention.

## DECLARATORY JUDGMENT

### (42 U.S.C. § 2201)

70. Answering the allegations contained in Paragraph 70 of the Complaint in Intervention, Defendant restates and incorporates herein his Answers to paragraphs 1 through 69 as if set forth fully herein.

71. Paragraph 71 is a statement of Intervenors' intent in bringing this action to which no answer is required.

72. The remainder of the Complaint in Intervention is their prayer for relief to which no answer is required.

73. Further answering Intervenors' Complaint, Defendant denies each and every allegation thereof that is not specifically admitted in this Answer.

## **AFFIRMATIVE DEFENSES**

74. Intervenors Margarita Elena Dominguez's claims are barred, in whole or in part, by her lack of standing to bring such claims.

75. Intervenors' claims fail, in whole or in part, to state a claim upon which relief can be granted.

76. Intervenors' claims are unripe.

77. Intervenors' claims are moot.

78. Intervenors' claim for injunctive relief is barred because they cannot establish the prerequisites to injunctive relief.

79. Defendant reserves any and all other affirmative defenses or matters that may constitute avoidance set forth in Rule(8)(c), Fed.R.Civ.P., or as otherwise provided by law, that may be established by matters learned as this case proceeds.

# PRAYER FOR RELIEF

WHEREFORE, Defendant requests that the Court enter judgment against Intervenors in favor of Defendant on all claims of the Complaint in Intervention as follows:

1. Dismissing all claims of the Complaint in Intervention with prejudice;
2. Denying Intervenors any relief;
3. Awarding Defendant his costs from the earliest date and from the highest rate allowed by law;
4. Awarding Defendant his reasonable attorneys' fees to the extent provided by law; and
5. Awarding Defendant any other and further relief, at law or in equity, that the Court deems just and proper.

DATED this 27th day of February, 2012.

THOMAS C. HORNE
Attorney General

/s/ Kevin D. Ray
Kevin D. Ray
Jinju Park Hurtado
Assistant Attorneys General
*Attorney for Defendant John Huppenthal, Superintendent of Public Instruction, in his Official Capacity; and the State Board of Education and its individual members, in their official capacity as nominal parties*

# CERTIFICATE OF SERVICE

I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following, if CM/ECF registrants, and mailed a copy of same to any non-registrants, this 27th day of February, 2012 to:

Richard M. Martinez, Esq.
307 South Convent Avenue
Tucson, Arizona 85701
RMLaw@RichardMartinezLaw.com

/s/ Roberta Curry, Legal Secretary II
#2607855_v2