Richard M. Martinez, No. 007763
~~307~~314 South Convent Avenue
Tucson, Arizona  85701
Telephone: (502) 327-4797
Facsimile: (520) 320-9090
richard@richardmartinezlaw.com

Robert S. Chang (admitted *pro hac vice*)
Fred T. Korematsu Center for Law and Equality
Ronald A. Peterson Clinic
Seattle University School of Law
1215 East Columbia Street, Law Annex
Seattle, Washington  98122-4130
Telephone: (206) 398-4025
Facsimile: (206) 398-4261
changro@seattleu.edu

James Quinn (*pro hac vice* application pending)
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
James.Quinn@weil.com

**Counsel for Plaintiffs**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

~~CURTIS ACOSTA, SEAN ARCE,~~ MAYA ARCE~~,~~; ~~MARIA FEDERICO BRUMMER, DOLORES CARRION, ALEXANDRO ESCAMILLA, JOSE GONZALEZ, NORMAL GONZALEZ, LORENZO LOPEZ, JR., KORINA ELIZA LOPEZ, RENE F. MARTINEZ, SARA "SALLY" RUSK, AND YOLANDO SOTELO,~~; JOSEPH ELIAS GONZÁLEZ; and JOSÉ GONZÁLEZ, his father and next best friend,

               Plaintiffs,

vs.

~~JOHN HUPPENTHAL, Superintendent of Public Instruction, in his Official Capacity, et al.,~~DIANE DOUGLAS, Superintendent of Public Instruction and Executive Director of the Arizona State Board of Education, in her Official Capacity; ARIZONA STATE BOARD OF EDUCATION, including all members in their Official Capacity; REGINALD BALLANTYNE III; TIM CARTER; CHRISTOPHER DESCHENE;

No. CV 10 – 623 TUC AWT

~~THIRD~~ FOURTH AMENDED COMPLAINT

~~(VERIFIED)~~

(Action for Declaratory and Injunctive Relief)

AMY HAMILTON; ROGER JACKS; GREG )
MILLER; JAMES ROTTWEILER; JARED )
TAYLOR; MICHAEL CROW; and CHUCK )
SCHMIDT )
               Defendants. )
                )

Plaintiffs allege:

## I.  JURISDICTION

1.     Jurisdiction is conferred on this Court by 28 U.S.C. § 1331.

## II.      VENUE

2.     Venue is proper in the United Stated District Court for the District of Arizona under 28 U.S.C.§1391(b).

## III.      PARTIES

3.    ~~Plaintiff Curtis Acosta is a citizen of the United States, a resident of the State of Arizona residing in Pima County and employed by the Tucson Unified School District No. 1 in a teaching position for the Mexican American Studies Department.~~

4.    ~~Plaintiff Sean Arce is a citizen of the United States, a resident of the State of Arizona residing in Pima County, employed by the Tucson Unified School District No. 1 as the Director of the Mexican American Studies Department, and the natural parent and next best friend of Maya Arce, a minor who attends Tucson Unified School District No. 1 as a full time Middle School student.~~

~~5~~3.    Plaintiff Maya Arce is a citizen of the United States, a resident of the State of Arizona residing in Pima County~~, and the natural daughter of Plaintiff Sean Arce, her next best friend~~; Maya Arce is Mexican American~~Latina~~, 18 years of age ~~and a minor~~ who attends Tucson Unified School District No. 1 as a full time senior attending Tucson

High Magnet School. She attended ~~eighth grade student~~ at Safford K-8 Magnet School for grades six through eighth. ~~and will attend Tucson High Magnet School starting in the ninth grade.~~  She attended Davis Bilingual for grades kindergarten through fifth grade, an immersion Spanish-English school with a curriculum that includes as an integral component the language, culture, history and literature of Hispanics operated by Tucson Unified School District No. 1.; Maya Arce <u>intended at Tucson High Magnet School to</u> ~~and her parent/next best friend intend for her to matriculate to Tucson Magnet High School and~~ register for all Mexican American Studies course offerings in English-Latino Literature, American History-Mexican American Perspectives and American Government –Social Justice Education Project. These course offerings <u>were</u>~~are currently~~ available to Junior and Senior students by the Mexican American Studies Department and <u>were</u>~~are intended to be~~ banned as a violation of HB 2281 (A.R.S. § 15-112) and thus <u>were</u> ~~would~~ not ~~be~~ available for Maya Arce to enroll in, or benefit from in furtherance of her education.

4.     <u>Plaintiff Joseph González is a citizen of the United States, a resident of the State of Arizona residing in Pima County, and the natural son of José González, his next best friend; Joseph González is 15 years of age, DOB 7/21/2000, and is currently in the 9th grade at Tucson High Magnet School and intended to register for all Mexican American Studies course offerings in English-Latino Literature, American History-Mexican American Perspectives and American Government - Social Justice Education Project. These course offerings were available to Junior and Senior students by the Mexican American Studies Department and were banned as a violation of HB 2281 (A.R.S. § 15-112) and thus were not available for Joseph to enroll in, or benefit from in</u>

furtherance of his education. Previously, Joseph attended Davis Bilingual Elementary School and Roskruge Middle School. At Davis Bilingual Elementary School when he was in the 3rd and 4th grades, his father, José González, came once a week to Joseph's classroom to teach the class Mexican American Studies curriculum. Because of the enactment and enforcement of A.R.S. § 15-112 against the Mexican American Studies Department at Tucson Unified School District, Joseph's father did not teach Mexican American Studies curriculum in Joseph's 5th grade classroom.

6. ~~Plaintiff Maria Federico Brummer is a citizen of the United States, a resident of the State of Arizona residing in Pima County and employed by the Tucson Unified School District No. 1 in a teaching position for the Mexican American Studies Department.~~

7. ~~Plaintiff Dolores Carrion is a citizen of the United States, a resident of the State of Arizona residing in Pima County and employed by the Tucson Unified School District No. 1 in a teaching position for the Mexican American Studies Department.~~

8. ~~Plaintiff Alexandro Escamilla is a citizen of the United States, a resident of the State of Arizona residing in Pima County and employed by the Tucson Unified School District No.1 in a teaching position for the Mexican American Studies Department.~~

9̶5. ~~Plaintiff~~ Jose Gonzalez, Joseph's natural father and next best friend, is a citizen of the United States, a resident of the State of Arizona residing in Pima County and is employed by the Tucson Unified School District No.1, formerly in a teaching position for the Mexican American Studies Department.

10. ~~Plaintiff Norma Gonzalez is a citizen of the United States, a resident of the State of Arizona residing in Pima County and employed by the Tucson Unified School District No. 1 in a teaching position for the Mexican American Studies Department.~~

11. ~~Plaintiff Lorenzo Lopez is a citizen of the United States, a resident of the State of Arizona residing in Pima County, employed by the Tucson Unified School District No.1 in a teaching position for the Mexican American Studies Department, and the natural parent and next best friend of Korina Eliza Lopez, a minor who attends Tucson Unified School District No. 1 as a full time High School student.~~

12. ~~Korina Eliza Lopez is a citizen of the United States, a resident of the State of Arizona residing in Pima County, and the natural daughter of Plaintiff Lorenzo Lopez, Jr., her next best friend; Korina Eliza Lopez is Latina, and a minor who attends Tucson Unified School District No. 1 as a full time tenth grade student at Tucson High Magnet School and will graduate in the class of 2014. She attended Pistor Middle School for grades five through eight, where her course offerings included Mexican American Studies Program classes, a curriculum that includes as an integral component the language, culture, history and literature of Hispanics; Korina Eliza Lopez and her parent/next best friend intend for her to register and attend all Tucson High Magnet School course offerings in English-Latino Literature, American History-Mexican American Perspectives and American Government - Social Justice Education Project. These course offerings are currently available to Junior and Senior students by the Mexican American Studies Department and are intended to be banned as a violation of HB 2281 (A.R.S § 15-112) and thus would not be available for Korina Eliza Lopez to enroll in, or benefit from in furtherance of her education.~~

13. ~~Plaintiff Rene F. Martinez is a citizen of the United States, a resident of the State of Arizona residing in Pima County and employed by the Tucson Unified School District No. 1 in a teaching position for the Mexican American Studies Department.~~

14. Plaintiff Sara "Sally" Rusk is a citizen of the United States, a resident of the State of Arizona residing in Pima County and employed by the Tucson Unified School District No. 1 in a teaching position for the Mexican American Studies Department.

15. Plaintiff Yolanda Sotelo is a citizen of the United States, a resident of the State of Arizona residing in Pima County and employed by the Tucson Unified School District No. 1 in a teaching position for the Mexican American Studies Department.

16. Tom Horne was the Superintendent of Public Instruction and as such was the highest ranking state officer for K-12 Public Instruction and whose powers included making a determination that the Tucson Unified School District No. 1 Mexican American Studies Department violates ARS § 15-112(A), and 60 days thereafter directing the Arizona Department of Education to withhold 10% of the monthly apportionment of State funding that would otherwise be due to Tucson Unified School District No. 1, an amount that is estimated to be or exceed one to three million dollars a month. ARS § 15-112(B). *See*, House Bill 2281, Exhibit A hereto and incorporated in whole by reference.

17. Tom Horne as the Superintendent of Public Instruction issued Findings dated December 30, 2010, one day before HB 2281 became effective, that the Tucson Unified School District No. 1 Mexican American Studies Department was in violation of ARS § 15-112(A), thus subjecting the Tucson Unified School District to a sanction commencing 60 days thereafter by directing the Arizona Department of Education to withhold 10% of the monthly apportionment of State funding that would otherwise be due to Tucson Unified School District No. 1, an amount that is estimated to be or exceed one to three million dollars a month. ARS § 15-112(B). *See*, Findings, Exhibit B hereto and

incorporated in whole by reference.

18.    Defendant John Huppenthal is the current Superintendent of Public Instruction and as such is the highest ranking state officer for K-12 Public Instruction and whose powers included making a determination that the Tucson Unified School District No. 1 Mexican American Studies Department is in violation of ARS § 15- 112(A), and 60 days thereafter directing the Arizona Department of Education to withhold 10% of the monthly apportionment of State funding that would otherwise be due to Tucson Unified School District No. 1, an amount that is estimated to be or exceed one to three million dollars a month. ARS § 15- 112(B).

19.    Defendant John Huppenthal as the current Superintendent of Public Instruction retained the services of Cambium Learning Services, Inc. and National Academic Educational Services Partners in 2011 to conduct an audit of the Mexican American Studies Department of the Tucson Unified School District.

20.    On May 2, 2011 the Cambium Learning Services, Inc. and National Academic Educational Services Partners in 2011 released their report of the audit of the Mexican American Studies Department of the Tucson Unified School District to Defendant John Huppenthal, which he did not released to the public until June 15, 2011. Attached hereto as Exhibit C, Parts 1-4, and incorporated in whole by reference.

21.    The Cambium Learning Services, Inc. and National Academic Educational Services Partners May 2, 2011 audit report of the Mexican American Studies Department of the Tucson Unified School District included that there was "no observable evidence was present to indicate that any classroom within Tucson Unified School District is in direct violation of A.R.S. 15-112(A)". *See*, Ex. C, Part 2, p. 50. *See also*, pp. 50-69 & 71-95.

22. ~~The Cambium Learning Services, Inc. and National Academic Educational Services Partners 2011 audit report of the Mexican American Studies Department of the Tucson Unified School District identifies that as of April 11, 2011, there were 52,987 students enrolled in the Tucson Unified School District, of which 60% were Hispanic; those students enrolled in the Mexican American Studies Department at the time numbered 1,343 of which 90.32% were identified as Hispanic. *See*, Ex. C, Part 1, pp. 5-6, Figures 1 & 2.~~

23. ~~Defendant John Huppenthal as the Superintendent of Public Instruction issued Findings on June 15, 2011 that the Tucson Unified School District No. 1 Mexican American Studies Department was in violation of ARS § 15-112(A), thus subjecting the Tucson Unified School District to a sanction commencing 60 days thereafter by withholding 10% of the monthly apportionment of State funding that would otherwise be due to Tucson Unified School District No. 1, an amount that is estimated to be or exceed one to three million dollars a month. ARS § 15-112(B). *See*, Findings, Exhibit D hereto and incorporated in whole by reference.~~

6. Defendant Diane Douglas is the current Superintendent of Public Instruction. She was preceded in that position by John Huppenthal and, before him, Tom Horne. Enforcement of A.R.S. §§ 15-111 and 15-112, which began under her predecessors, John Huppenthal and Tom Horne, has continued in her administration.

2~~4~~7. The Arizona State Board of Education exists pursuant to statutory authority provided by the Legislature of the State of Arizona.

2~~5~~8. ~~Vickie Balentine~~ Reginald Ballantyne III is a Member of the Arizona State Board of Education.

269. ~~Jacob Moore~~ <u>Tim Carter</u> is a Member of the Arizona State Board of Education.

2710. ~~Jamie Molera~~ <u>Christopher Deschene</u> is a Member of the Arizona State Board of Education.

2811. Amy Hamilton is a Member of the Arizona State Board of Education.

2912. ~~Eileen Klein~~ <u>Roger Jacks</u> is a Member of the Arizona State Board of Education.

3013. Gregory Miller is a Member of the Arizona State Board of Education.

3114. ~~James Horton~~ <u>James Rottweiler</u> is a Member of the Arizona State Board of Education.

3215. ~~Diane Ortiz-Parsons~~ <u>Jared Taylor</u> is a Member of the Arizona State Board of Education.

3316. ~~Thomas Tyree~~ <u>Michael Crow</u> is a Member of the Arizona State Board of Education.

<u>17.</u> <u>Chuck Schmidt is a Member of the Arizona State Board of Education.</u>

## IV.    PLAINTIFF'S ACTION

3418. This is an action seeking equitable relief against House Bill 2281 (A.R.S. §§ 15-111 and 112), because <u>it constitutes impermissible viewpoint discrimination and denies Plaintiffs and Mexican Americans equal protection, in violation of</u> ~~its enforcement would violate~~ Plaintiffs<u>'</u> rights under the First and Fourteenth Amendments to the Constitution of the United States<u>,</u> ~~is void for vagueness, denies Plaintiffs and all Hispanics equal protection and due process~~.

3519. Plaintiff asserts this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983, and the Declaratory Judgment Act of 1934, 28 U.S.C. §2201.

## V.    GENERAL ALLEGATIONS

3620. All ~~adult Plaintiffs~~ <u>teachers in Tucson Unified School District No. 1's former Mexican American Studies Department [MASD]</u> are college graduates and at all times relevant

to this action have met the qualifications and possessed the credentials required for their

respective positions as educators employed by the Tucson Unified School District No. 1

~~37~~21.  At all times relevant to this action, all ~~adult Plaintiffs~~ MASD teachers have possessed

all qualifications and certifications required by the State of Arizona for their respective

positions as educators employed by the Tucson Unified School District No. 1.

~~38~~22.  At all times relevant to this action, all MASD teachers ~~adult Plaintiffs~~ have complied

with all lawful guidelines and requirements of the State of Arizona in teaching their

respective courses as educators employed by the Tucson Unified School District No. 1.

~~Curtis Acosta~~

~~39.    Plaintiff Curtis Acosta is Hispanic, and bilingual in English and Spanish.~~

~~40.    Plaintiff Curtis Acosta is employed in a teaching position with the Tucson Unified~~

~~School District for the Mexican American Studies Department and is assigned to~~

~~Tucson High School teaching courses offered by the Mexican-American Studies~~

~~Department for Junior and Senior students.~~

~~41.    Tucson High School has a student population that is at least 67% Hispanic.~~

~~Sean Arce~~

~~42.    Plaintiff Sean Arce is Hispanic, and bilingual in English and Spanish.~~

~~43.    Plaintiff Sean Arce is employed in an administrator's position with the Tucson Unified~~

~~School District as Director for the Mexican American Studies Department with~~

~~responsibility for the oversight, management and supervision of the Mexican American~~

~~Studies Department throughout the Tucson Unified School District.~~

~~44.    The Tucson Unified School District currently has a student population that is at least~~

~~61% Hispanic serving a community that has a Hispanic population of approximately~~

36%.

Maria Federico Brummer

45.    Plaintiff Maria Federico Brummer is Hispanic, and bilingual in English and Spanish.

46.    Plaintiff Maria Federico Brummer is employed in a teaching position with the Tucson Unified School District for the Mexican American Studies Department and is assigned to Tucson High School teaching courses offered by the Mexican-American Studies Department for Junior and Senior students.

Dolores Carrion

47.    Plaintiff Dolores Carrion is Hispanic, and bilingual in English and Spanish.

48.    Plaintiff Dolores Carrion is employed in a teaching position with the Tucson Unified School District for the Mexican American Studies Department and is assigned to Pueblo High School teaching art courses offered by the Mexican American Studies Department for Freshmen to Senior students.

49.    Pueblo High School has a student population that is at least 94% Hispanic.

Alexandro Escamilla

50.    Plaintiff Alexandro Escamilla is Hispanic, and bilingual in English and Spanish.

51.    Plaintiff Alexandro Escamilla is employed in a teaching position with the Tucson Unified School District for the Mexican American Studies Department and is assigned to Wakefield Middle School teaching courses offered by the Mexican American Studies Department for Middle School students.

52.    Wakefield Middle School has a student population that is at least 92% Hispanic.

Jose Gonzalez

53.    Plaintiff Jose Gonzalez is Hispanic, and bilingual in English and Spanish.

54. Plaintiff Jose Gonzalez is employed in a teaching position with the Tucson Unified School District for the Mexican American Studies Department and is assigned to Rincon High School teaching courses offered by the Mexican American Studies Department for Junior and Senior students.

55. Rincon High School has a student population that is at least 49% Hispanic.

### Norma Gonzalez

56. Plaintiff Norma Gonzalez is Hispanic, and bilingual in English and Spanish.

57. Plaintiff Norma Gonzalez is employed in a teaching position with the Tucson Unified School District for the Mexican American Studies Department and is assigned to Ochoa and Van Buskirk Elementary Schools and School teaching courses offered by the Mexican American Studies Department for elementary students and also Rincon High School.

58. Ochoa Elementary and Van Buskirk have student populations that are predominately Hispanic.

### Lorenzo Lopez

59. Plaintiff Lorenzo Lopez is Hispanic, and bilingual in English and Spanish.

60. Plaintiff Lorenzo Lopez is employed in a teaching position with the Tucson Unified School District for the Mexican American Studies Department and is assigned to Cholla High School teaching courses offered by the Mexican American Studies Department for Junior and Senior students.

61. Cholla High School has a student population that is at least 71% Hispanic.

### Rene F. Martinez

62. Plaintiff Rene F. Martinez is Hispanic, and bilingual in English and Spanish.

63. ~~Plaintiff Rene F. Martinez is employed in a teaching position with the Tucson Unified School District for the Mexican American Studies Department and is assigned to Cholla High School teaching courses offered by the Mexican American Studies Department for Junior students.~~

~~Sara "Sally" Rusk~~

64. ~~Plaintiff Sara "Sally" Rusk is an Anglo non-Hispanic, and bilingual in English and Spanish.~~

65. ~~Plaintiff Sara "Sally" Rusk is employed in a teaching position with the Tucson Unified School District for the Mexican American Studies Department and is assigned to Pueblo High School teaching courses offered by the Mexican American Studies Department for Junior and Senior students.~~

~~Yolanda Sotelo~~

66. ~~Plaintiff Yolanda Sotelo is Hispanic, and bilingual in English and Spanish.~~

67. ~~Plaintiff Yolanda Sotelo is employed in a teaching position with the Tucson Unified School District for the Mexican American Studies Department and is assigned to Pueblo High School teaching courses offered by the Mexican American Studies Department for all students.~~

Maya Arce

~~68~~23. Maya Arce is Mexican American~~Hispanic~~, and bilingual in English and Spanish.

~~69~~24. Maya Arce desired ~~desires~~ to register for and attend all Mexican American Studies course offerings in English-Latino Literature, American History-Mexican American Perspectives and American Government – Social Justice Education Project at Tucson High Magnet School; course offerings that ~~are currently~~ were available to Junior and

Senior students by the Mexican American Studies Department and were ~~are intended to be~~ banned as a violation of HB 2281 by the Findings issued by Tom Horne and John Huppenthal and thus ~~would~~ not ~~be~~ available for Maya Arce to enroll in, or benefit from in furtherance of her education.

Joseph González

25.     Joseph González is Mexican American, and bilingual in English and Spanish.

26.     Joseph González intended to register for and attend all Mexican American Studies course offerings in English-Latino Literature, American History-Mexican American Perspectives and American Government – Social Justice Education Project at Tucson High Magnet School; course offerings that were available to Junior and Senior students by the Mexican American Studies Department and were banned as a violation of HB 2281 by the Findings issued by Tom Horne and John Huppenthal and thus will not be available for Joseph González to enroll in, or benefit from in furtherance of his education.

27.     Joseph González previously attended Davis Bilingual Elementary School and was taught Mexican American Studies curriculum by his father, José González, a teacher in the Mexican American Studies Department, who taught in Joseph's classroom once each week when Joseph was in the third and fourth grades.

28.     Concern about and enforcement of A.R.S. §§ 15-111 and 15-112 led to Joseph not receiving MAS curriculum when he was in fifth grade at Davis Bilingual Elementary School nor when he was in grades six through eight at Roskruge Middle School.

~~Korina Eliza Lopez~~

~~132.     Korina Eliza Lopez is Hispanic, and bilingual in English and Spanish.~~

133.   ~~Korina Eliza Lopez desires to register for and attend all Mexican American Studies~~
~~course offerings in English-Latino Literature, American History-Mexican American~~
~~Perspectives and American Government - Social Justice Education Project at Tucson~~
~~High Magnet School; course offerings that are currently available to Junior and Senior~~
~~students by the Mexican American Studies Department and are intended to be banned~~
~~as a violation of HB 2281 by the Findings issued by Tom Horne and John Huppenthal~~
~~thus would not be available for Korina Eliza Lopez to enroll in, or benefit from in~~
~~furtherance of her education.~~

Mexican American Studies Department

~~72~~29.   The Tucson Unified School District No. 1 Mexican American Studies Department was
created in 1998 and ~~has~~ operated as a District approved, Governing Board sanctioned,
entity <u>until it was terminated in January 2012</u>~~for the past 13 consecutive school years~~.

~~73~~30.   The Mexican American Studies Department was created to develop and provide course
offerings for students that focused on the history, culture, literature and art of <u>Mexican
Americans</u>~~Hispanics~~ as a means of directly addressing and combating the consistent
and persistent failure of <u>Mexican American</u>~~Hispanic~~ students in the Tucson Unified
School District No.1, which included excessive drop out/push out rates, excessive grade
failure rates, excessive discipline, poor attendance, poor graduation rates and extremely
poor matriculation to post high school educational institutions, especially four year
colleges/universities.

~~74~~31.   Since the inception of the Mexican American Studies Department <u>until its termination,</u>
all course offerings and assistance ~~has been~~ <u>were</u> open to all students and their families
with out consideration of race, national origin, gender, religion, language or economic

status.

~~75~~32. Since the inception of the Mexican American Studies Department until its termination, all course offerings were ~~have been~~ provided in conformity with applicable State adopted standards and/or guidelines.

~~76~~33. Since the inception of the Mexican American Studies Department until its termination, all course offerings ~~have~~ included a diverse student population reflective of the specific school site's population.

~~77~~34. Since the inception of the Mexican American Studies Department until its termination, Mexican Americans~~Hispanics have~~ comprised the largest and most significant portion of the student population enrolling and completing the Department's course offerings; enrollment that reflects the de facto segregation present throughout the Tucson Unified School District No.1, which has been exacerbated since the advent of Charter Schools.

~~78~~35. Since the inception of the Mexican American Studies Department until its termination, all course offerings ~~have~~ had been subjected to annual scrutiny and as appropriate modification to determine and improve the educational efficacy of the course offerings; these evaluations ~~have~~ had consistently shown that students who take and complete Mexican American Studies course offerings pass the State required AIMS test at higher rates, graduate from High School are higher rates, have improved grades and matriculate to college at high rates while decreasing in the areas of discipline, poor attendance or dropping out of High School. These results have occurred for all students, irrespective of race or national origin.

~~79~~36. The Mexican American Studies Department, including all course offerings until its termination, ~~are~~ were part of the Tucson Unified School District's Federal Court

adopted Post Unitary School Desegregation Plan.

Mexican American Studies Department: Topic & Materials Utilized

80~~37~~. The Tucson Unified School District No. 1 Mexican American Studies Department utilizes text books and materials that are specific to the curriculum; this includes Occupied America, A History of Chicanos by Rodolfo F. Acuna. This text, published by Longman and Charlyce Jones Owens is currently in its seventh edition and is a standard High School and College level course book.

81~~38~~. Mexican American Studies offers courses that focus on Mexican American~~Hispanic~~ history, culture, literature, art and persons who have contributed in some manner to those subject matter areas; all topics are addressed through the utilization of critical thinking.

82~~39~~. In October of 2009 the Tucson Unified School District No. 1 central administration imposed a unilateral name change on the Mexican American Studies Program, which had been since 1998 the "Mexican American/Raza Studies"; a name change that was the result of Tom Horne's constant criticism and disparaging comments about the word "Raza" a term in Spanish that he did not understand, took offense to and insisted it be eliminated.

83~~40~~. Tom Horne ~~has~~ also made known his objection to text books utilized in the Mexican American Studies Program, such as "Occupied America", making known his objection to the book, and insisting that it no longer be utilized, relied upon or referenced in the Public Schools.

84~~41~~. Tom Horne as the Superintendent of Public Instruction was the highest ranking state officer for K-12 Public Instruction whose powers included making a determination that

the Tucson Unified School District No. 1 Mexican American Studies Department violated ARS § 15-112(A), and 60 days thereafter directing the Arizona Department of Education to withhold 10% of the monthly apportionment of State funding that would otherwise be due to Tucson Unified School District No. 1, engaged in a consistent pattern of conduct that has chilled the use of text books, material, posters, content, and the name of the Mexican American Studies Department ~~by all Plaintiffs, thus impermissibly infringing on their Free Speech which is permitted by the Tucson Unified School District No. 1 but subject to an imminent adverse sanction and irreparable harm by Defendants~~.

~~85~~42. Tom Horne as the Superintendent of Public Instruction issued Findings dated December 30, 2010, ~~Exhibit B,~~ that the Tucson Unified School District No. 1 Mexican American Studies Department was in violation of ARS § 15- 112(A), thus exposing Tucson Unified School District No. 1 to a sanction commencing 60 days thereafter of directing the Arizona Department of Education to withhold 10% of the monthly apportionment of State funding that would otherwise be due to; this sanction would result in the immediate termination of the Mexican American Studies Department ~~and the employment of the adult Plaintiffs, and thus impermissibly infringing on the Free Speech of all Plaintiffs which is permitted by the Tucson Unified School District No. 1 but subject to an imminent adverse sanction and irreparable harm by Defendants~~.

~~86~~43. John Huppenthal as the Superintendent of Public Instruction ~~is~~was the highest ranking state officer for K-12 Public Instruction whose powers include making a determination that the Tucson Unified School District No. 1 Mexican American Studies Department ~~is~~was in violation of ARS § 15-112(A), and 60 days thereafter directing the

Case 4:10-cv-00623-AWT   Document 256-1   Filed 09/25/15   Page 19 of 28

withholding of 10% of the monthly apportionment of State funding that would otherwise be due to Tucson Unified School District No. 1, ~~has~~ engaged in a pattern of conduct, which includes issuing a Finding that the Mexican American Studies Program is in violation of A.R.S. § 15-112(A) after receiving an audit report from his own retained experts that found no violation of A.R.S. § 15-112(A), ran for his elected position stating that he would "stop La Raza", and issue<u>d</u> a Finding that alleges violations of A.R.S. § 15-112(A)(2)-(4), the race specific, in this instance "Mexican" specific provisions of the statute, chills the use of text books, material, posters, content, and the name of the Mexican American Studies Department ~~by all Plaintiffs, thus impermissibly infringing on their Free Speech which is permitted by the Tucson Unified School District No. 1, denies due process, and subjects them to imminent adverse sanctions and irreparable harm by Defendants~~.

~~87~~<u>74</u>. John Huppenthal as the Superintendent of Public Instruction issued Findings on June 15, 2011, ~~Exhibit D,~~ that the Tucson Unified School District No. 1 Mexican American Studies Department was in violation of ARS § 15-112(A), thus exposing Tucson Unified School District No. 1 to a sanction commencing 60 days thereafter of the withholding of 10% of the monthly apportionment of State funding that would otherwise be due to; this sanction will result in the immediate termination of the Mexican American Studies Department, <u>and</u> all course offerings and classes~~, and the employment of the adult Plaintiffs, and thus impermissibly infringing on the Free Speech of all Plaintiffs which is permitted by the Tucson Unified School District No. 1, denies due process, and subjects them to an imminent adverse sanction and irreparable harm by Defendants~~.

45.     Enforcement of A.R.S. §§ 15-111 and 112 has continued under Diane Douglas's tenure as Superintendent of Public Instruction.

House Bill 2281

~~88~~46.  Tom Horne as the Superintendent of Public Instruction was the principal advocate for the passage of House Bill 2281, legislation that he sought for the purpose of having a mechanism that would allow him to "shut down" the Mexican American Studies Department in the Tucson Unified School District No. 1, a program that he identified as impermissibly race specific to Mexican Americans.

~~89~~47.  On April 29, 2010 final passage of House Bill 2281 occurred and was then transmitted to the Governor on April 30, 2010.

~~90~~48.  Jan Brewer ~~is~~ was the Governor of Arizona at the time House Bill 2281 was passed.

~~91~~49.  Acting in her official capacity as the Governor of Arizona, on May 11, 2010, Governor Brewer elected to sign into law House Bill 2281, codified as A.R.S. §§ 15-111 and 112.

~~92.     A true and correct copy of the House Bill 2281 is attached hereto as Exhibit A.~~

~~93~~50.  Had Governor Brewer exercised her authority to veto the Act, it would not have become law.

~~94~~51.  House Bill 2281 became effective on December 31, 2010.

~~95~~52.  After House Bill 2281 was signed into law, Tom Horne as the Superintendent of Public Instruction stated repeatedly and publicly that he intended to find the Tucson Unified School District No.1 Mexican American Studies Department to be in violation of ARS § 15-112(A), a determination that 60 days thereafter would result in directing the Arizona Department of Education to withhold 10% of the monthly apportionment of State funding that would otherwise be due to Tucson Unified School District No. 1; he

signed and issued such a Finding on December 30, 2010. ~~Exhibit B hereto.~~

~~96~~53.   After House Bill 2281 was signed into law, Tom Horne as the Superintendent of Public Instruction, determined that the Tucson Unified School District No.1 Mexican American Studies Department was in violation of ARS § 15-112(A), thus "[p]romotes the overthrow of the United States Government."

~~97~~54.   After House Bill 2281 was signed into law, Tom Horne as the Superintendent of Public Instruction, determined that the Tucson Unified School District No.1 Mexican American Studies Department was in violation of ARS § 15-112(A), thus "[p]romotes resentment toward a race or a class of people."

~~98~~55.   After House Bill 2281 was signed into law, Tom Horne as the Superintendent of Public Instruction determined that the Tucson Unified School District No.1 Mexican American Studies Department was in violation of ARS § 15-112(A), thus "[a]re designed primarily for pupils of a particular race."

~~99~~56.   After House Bill 2281 was signed into law, Tom Horne as the Superintendent of Public Instruction, determined that the Tucson Unified School District No.1 Mexican American Studies Department was in violation of ARS § 15-112(A), thus "[a]dvocates ethnic solidarity instead of the treatment of pupils as individuals."

~~100~~57. Tom Horne as the Superintendent of Public Instruction never visited or observed any class offered by the Tucson Unified School District No.1 Mexican American Studies Department.

~~101~~58. Tom Horne as the Superintendent of Public Instruction has no lawful non-discriminatory facts to support or establish that the Tucson Unified School District No.1 Mexican American Studies Department violated ARS § 15- 112(A).

~~102~~59. Tom Horne as the Superintendent of Public Instruction singled out the Tucson Unified School District No.1 Mexican American Studies Department to be in violation of ARS § 15-112(A) while allowing all other programs, racial, ethnic, national origin and religious groups to offer courses which teach the history, culture, literature and art of such groups; a distinction in classification and treatment that is suspect and for which the State of Arizona has no legal justification or any compelling state interest.

~~103~~60. The Findings issued by Tom Horne as the Superintendent of Public Instruction that Tucson Unified School District No.1 Mexican American Studies Department violated ARS § 15-112(A), will cause immediate and irreparable harm to the Plaintiffs including elimination of the Mexican American Studies Department~~,~~ and all its course offerings ~~and the loss of employment~~.

~~104~~61. At all times relevant to this Complaint, Tom Horne publicly announced and made clear his intent to implement and enforce the HB 2281, enacted legislation of the State of Arizona, a session law, that places every Mexican American~~Hispanic~~ educator and student within the Tucson Unified School District No. 1 and the State of Arizona, at substantial risk of the immediate loss of rights guaranteed by the United States Constitution, including unlawful infringement of Free Speech ~~and Association, denial of due process~~ and denial of equal protection based solely on their race or ethnicity as Mexican American~~, Hispanic or association with Hispanics~~.

~~105~~62. After House Bill 2281 was signed into law, John Huppenthal as the Superintendent of Public Instruction, determined that the Tucson Unified School District No.1 Mexican American Studies Department was in violation of ARS § 15-112(A)(2),(3) and (4), a Finding that is race specific only to Mexicans Americans and intended to compel the

elimination of Mexican American Studies and all course offerings.

~~106~~63. John Huppenthal as the Superintendent of Public Instruction ha~~s~~d no lawful non-discriminatory facts to support or establish that the Tucson Unified School District No.1 Mexican American Studies Department violated ARS § 15-112(A).

~~107~~64. John Huppenthal as the Superintendent of Public Instruction singled out the Tucson Unified School District No.1 Mexican American Studies Department to be in violation of ARS § 15-112(A) while allowing all other programs, racial, ethnic, national origin and religious groups to offer courses which teach the history, culture, literature and art of such groups; a distinction in classification and treatment that is suspect and for which the State of Arizona has no legal justification or any or any compelling state interest.

~~108.~~ ~~The Findings issued by Tom Horne as the Superintendent of Public Instruction that~~ ~~Tucson Unified School District No.1 Mexican American Studies Department violated~~ ~~ARS § 15-112(A), will cause immediate and irreparable harm to the Plaintiffs including~~ ~~elimination of the Mexican American Studies Department and the loss of employment.~~

~~109.~~ ~~At all times relevant to this Complaint, Tom Horne publicly announced and made clear~~ ~~his intent to implement and enforce the HB 2281, enacted legislation of the State of~~ ~~Arizona, a session law, that places every Hispanic educator and student within the~~ ~~Tucson Unified School District No. 1 and the State of Arizona, at substantial risk of the~~ ~~immediate loss of rights guaranteed by the United States Constitution, including~~ ~~unlawful infringement of Free Speech and Association, denial of due process and denial~~ ~~of equal protection based solely on their race, Hispanic or association with Hispanics.~~

~~110~~65. House Bill 2281 was enacted by the Legislature of the State of Arizona and signed into

law by Governor Brewer as a result of racial bias and anti-<u>Mexican American</u>~~Hispanic~~

beliefs and sentiments by the elected officials who were responsible for sponsoring,

promoting and passage of 2281.

~~111~~66. Plaintiffs believe that House Bill 2281 is the product of racial bias aimed specifically at

<u>Mexican Americans</u>~~Hispanics~~, is unlawful~~,~~ and results in impermissible deprivations of

rights guaranteed by the United States Constitution~~, have voiced their opinions of such~~

~~in the work place and publicly, and been confronted for expressing such beliefs~~.

~~112~~67. But for Tom Horne's Legislative lobbying and Governor Brewer's signing the House

Bill 2281 into law, Plaintiffs would not <u>have</u>~~be chilled from exercising~~ their First

Amendment ~~and due process~~ rights <u>infringed,</u> ~~and~~ <u>nor would they be</u> subject to the

enforcement actions created by House Bill 2281, resulting in the loss of ~~their positions~~

~~and employment as Mexican American Studies classroom teachers, program director or~~

~~enrollment in such~~<u>Mexican American Studies</u> classes.

~~113~~68. John Huppenthal, the ~~current Superintendent of Public Instruction,~~ successor to Tom

Horne <u>as Superintendent of Public Instruction</u>, openly and publicly campaigned on

"Stop La Raza" a racial message that reflected bias, prejudice and resentment towards

<u>Mexican Americans</u>~~Hispanics~~ and the Mexican American Studies Department; and

instituted an audit of the Tucson Unified School District No. 1 Mexican American

Studies Department which he chose to ignore once the audit report found no violations

of House Bill 2281, a result that contradicts the violation Findings issued by Tom

Horne and subsequently by ~~Defendant~~ John Huppenthal.

## COUNT ONE

## FOURTEENTH AMENDMENT: Equal Protection

**(42 U.S.C. §1983)**

11469. Plaintiffs hereby re-allege and incorporate all allegations contained in paragraphs 1 through 68113 as if fully set forth herein.

11570. Defendants' actions against Plaintiffs constitute a violation of equal protection and 42 U.S.C. §1983.

11671. As a direct and proximate result of the conduct of Defendants, Plaintiffs have suffered injury.

**COUNT TWO**

**FIRST AMENDMENT: Free Speech**

11772. Plaintiffs hereby re-allege and incorporate all allegations contained in paragraphs 1 through 71116 as if fully set forth herein.

11873. Defendants' actions against Plaintiffs constitutes a violation of free speech, specifically viewpoint discrimination, and 42 U.S.C. §1983.

11974. As a direct and proximate result of the Defendants, Plaintiffs have suffered injury.

~~COUNT THREE~~

~~FIRST AMENDMENT: Freedom of Association~~

~~120.   Plaintiffs hereby re-allege and incorporate all allegations contained in paragraphs 1 through 119 as if fully set forth herein.~~

~~121.   Defendants' actions against Plaintiffs constitute a violation of freedom of association and 42 U.S.C. §1983.~~

~~122.   As a direct and proximate result of the conduct of Defendants, Plaintiffs have suffered injury.~~

~~COUNT FOUR~~

**FOURTEENTH AMENDMENT: DUE PROCESS**

**(42 U.S.C. §1983: Void for Vagueness - Facial)**

123.   Plaintiffs hereby re-allege and incorporate all allegations contained in paragraphs 1 through 122 as if fully set forth herein.

124.   Defendants' actions constitute violations of due process and 42 U.S.C. §1983.

125.   As a direct and proximate result of the conduct of Defendants, Plaintiffs have suffered injury.

**COUNT FIVE**

**FOURTEENTH AMENDMENT: DUE PROCESS**

**(42 U.S.C. §1983: Void for Vagueness - As Applied)**

126.   Plaintiffs hereby re-allege and incorporate all allegations contained in paragraphs 1 through 125 as if fully set forth herein.

127.   Defendants' actions constitute violations of due process and 42 U.S.C. §1983.

128.   As a direct and proximate result of the conduct of Defendants, Plaintiffs have suffered injury.

#

#

**COUNT SIX**

**FOURTEENTH AMENDMENT: DUE PROCESS**

**(42 U.S.C. §1983: Substantive )**

129.   Plaintiffs hereby re-allege and incorporate all allegations contained in paragraphs 1 through 128 as if fully set forth herein.

130.   Defendants' actions constitute violations of due process and 42 U.S.C. §1983.

131.    ~~As a direct and proximate result of the conduct of Defendants, Plaintiffs have suffered injury.~~

## DECLARATORY JUDGMENT

### (28 U.S.C. §2201)

~~132~~75. Plaintiffs hereby re-allege and incorporate all allegations contained in paragraphs 1 through 74 ~~131~~ as if fully set forth herein.

~~133~~76. Plaintiff seeks a declaratory judgment as provided in 28 U.S.C. § 2201 et. seq.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

1.  That this court declare the actions complained of herein to be in violation of 42 U.S.C. §1983, the First and Fourteenth Amendments to the Unites States Constitution;

2.  That Defendants be ordered to take appropriate injunctive and affirmative acts to insure that the actions complained of herein are not engaged in again by them or any of their agents;

3.  That Defendants, including their officers, directors, agents, employees and successors, be permanently enjoined from engaging in any action that harms the Tucson Unified School District No. 1 Mexican-American Studies Department, administrator, educators, staff or students;

4.  That Plaintiffs be awarded their attorneys' fees;

5.  That Plaintiffs be awarded their costs; and

6.  That Plaintiffs be awarded all other relief that this court deems just and proper under the circumstances.

DATED this ~~15th~~ 25th day of September 2015.~~July 2011~~.

                                    _/s *Richard M. Martinez*_____

                                    Richard M. Martinez, Esq.

                                    Robert S. Chang, Esq.

                                    Ronald A. Peterson Clinic

                                    Seattle University School of Law

                                    James Quinn, Esq.

                                    WEIL GOTSHAL & MANGES LLP

                                    Counsel for Plaintiffs