1   MARK BRNOVICH
2   Firm Bar No. 014000

3   Kevin D. Ray, No. 007485
    Karen J. Hartman-Tellez, No. 021121
4   Assistant Attorneys General
5   1275 W. Washington Street
    Phoenix, Arizona  85007
6   Telephone: (602) 542-8349
    Email: EducationHealth@azag.gov
7   *Attorneys for Defendants*

8
            **IN THE UNITED STATES DISTRICT COURT**
9               **FOR THE DISTRICT OF ARIZONA**

10

11  Noah González; Jesús González, his father       Case No. CV-10-00623-TUC-AWT
    and next friend; Manuel Barcelo; and
12  Julian Barcelo, his father and next friend,      **DEFENDANTS' MOTION**
                                                     **TO QUASH SUBPOENAS**
13                  Plaintiffs,

14  vs.

15
    Diane Douglas, Superintendent of Public
16  Instruction, in her official capacity, et al.,

17
                    Defendants.
18

19          Pursuant to Fed. R. Civ. P. 45(d), Defendants move to quash the Subpoenas served

20  on Superintendent of Public Instruction Diane Douglas, Carol Lippert, and Dr. Jennifer

21  Johnson on or about October 5, 2017.  This Motion to Quash is supported by the

22  following Memorandum of Points and Authorities.

23          **MEMORANDUM OF POINTS AND AUTHORITIES**

24                            **INTRODUCTION**

25          On or about October 5, 2017, Plaintiffs served by email three subpoenas

26  commanding witnesses to appear and testify at the October 30, 2017 hearing in this matter

27  (the  "Subpoenas").      [*See* Exhibit  A,  Subpoenas]      The  Subpoenas,  directed  to

28

1   Superintendent Diane Douglas, Arizona Department of Education ("ADE") employee
2   Carol Lippert, and former ADE employee Dr. Jennifer Johnson, further demand that each
3   witness bring with her voluminous documentary evidence, regardless of whether it was
4   previously produced during discovery in this matter.

5        Plaintiffs issued the Subpoenas despite Defendants' repeated objections that the
6   October 30, 2017 hearing is not scheduled as an evidentiary hearing.  [*See* Exhibit B, Sept.
7   18, 2017 Email from K. Hartman-Tellez to R. Martinez]  They appear willfully blind to
8   the fact that the Court has not ordered further evidentiary proceedings in this matter and
9   have ignored the numerous orders in which the Court has characterized the hearing on
10  remedies as one for oral argument only.   Moreover, the Subpoenas impose an undue
11  burden on the three witnesses.  Fed. R. Civ. P. 45(d)(3)(A)(iv).  Accordingly, as explained
12  more fully below, Defendants move to quash the Subpoenas.[1]

### ARGUMENT
### I.   THE COURT HAS NOT ORDERED FURTHER EVIDENTIARY PROCEEDINGS.

13
14

15       Nothing in the Court's orders regarding the October 30, 2017 hearing indicates
16  that the Court wishes to hear further evidence.   Indeed, it appears from the Court's
17  several orders relating to the remedy proceedings, that further evidentiary proceedings are
18  not anticipated, and that the October 30, 2017 hearing is for oral argument, only.   During
19  the Final Pretrial Conference, the Court stated that "I am not going to try to address
20  remedy until I have to.  Which means it would be only after, if and when, there's a
21  finding of liability. . . .  I think we need that finding first.  And then also, you know,
22  *based upon whatever evidence comes out during trial* on what an appropriate remedy
23  would be."  [Apr. 13, 2017 Pretrial Conf. Tr. at 33:18-20, 33:24-34:1 (emphasis added)]
24

25  _____
26  [1] If the Court determines that further evidentiary proceedings are appropriate, Defendants
    respectfully request that such proceedings be scheduled at a later date that will permit
27  Defendants to secure the appearance of witnesses and prepare exhibits for the Court.
28

In the August 22, 2017 Memorandum of Decision, the Court stated that it "shall thereafter set the remedy phase for *oral argument* after consultation with counsel." [Doc. 468, at 42 (emphasis added)]  The Courtroom Deputy's September 15, 2107 email to counsel regarding scheduling was titled "Setting a hearing for *oral argument* on remedy in 10-CV-623-AWT." [*See* Exhibit C, Email exchange among counsel and Courtroom Deputy].  The Order setting the hearing did not state that it would be an evidentiary hearing.  [Doc. 473]  Based on these statements, it does not appear that the Court anticipates additional presentation of evidence at the October 30, 2017 hearing.

Notably, on the face of Plaintiffs' Remedy Brief and Remedy Response Brief, they indicated "Oral Argument Requested," and made no request for an evidentiary hearing. [Doc. 472, at 1; Doc. 474, at 1]  In fact, they asserted that an evidentiary hearing is not necessary.[2]  Plaintiffs' counsel later stated to the Courtroom Deputy that "[i]t remains uncertain whether there will be a need for testimony at the hearing; but we did want to alert the court to the possibility that, if necessary, the plaintiffs will present live testimony."  [Ex. C]  But even if Plaintiffs believe that an evidentiary hearing is needed, they have not formally requested such a hearing, and the Court has not ordered one. Absent a Court order setting an evidentiary hearing, the Subpoenas should be quashed.

## II.    UNDER THE APEX THEORY, THE SUPERINTENDENT SHOULD NOT BE BURDENED WITH TESTIFYING.

Before this Court ordered the liability and remedy phases of the case to be bifurcated, the parties submitted their Proposed Joint Pretrial Order.  [*See* Doc. 379-1] Plaintiffs listed 42 witnesses, but Superintendent Douglas was not among those witnesses.  [*See id.* at 61-67]  The parties stipulated that they could call witnesses on the

---

[2] Plaintiffs stated that they "*do not believe an evidentiary hearing is necessary* given the volume of deposition and documentary evidence supporting the need for an injunction," but indicated that they "can make their witnesses available for examination during the October 30, 2017 remedies hearing and will be prepared to examine Defendants' witnesses." [Doc. 474, at 3 n.1 (emphasis added)]

other parties' witness list, but the Superintendent was not on the Defendants' list, either.[3] [*See id.* at 60, 67-69]  As such, Plaintiffs have waived their right to call Superintendent Douglas as a witness in this matter.

Moreover, because the Superintendent is the head of her agency, under the "apex" doctrine, she should not be required to testify. *See Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979) (noting that "[h]eads of government agencies are not normally subject to deposition").  Courts have held that those elected to top-level statewide offices warrant apex protection.  *See, e.g.*, *Hernandez v. Tex. Dep't of Aging & Disability Servs.*, No. A-11-CV-856 LY, 2011 WL 6300852, at *2 (W.D. Tex. Dec. 16, 2011) (governor); *Thomas*, 715 F. Supp. 2d at 1049; *New York v. Oneida Indian Nation of N.Y.*, No. 95-CV-0554 (LEK/RFT), 2001 WL 1708804 at *3 (N.D.N.Y. Nov. 9, 2001); *Fitzpatrick v. Sec'y of State*, 440 N.W.2d 45, 46-47 (Mich. Ct. App. 1989) (per curiam) (noting that "there [was] no doubt" that the Secretary of State was a high-ranking official, because (1) the office was established by the state constitution and (2) the Secretary was the head of the department of state).  Especially because "lesser officials in the Department . . . presumably [could] supply plaintiff with the information he seeks."  *Id*. at 47 (concluding that the "defendant Secretary of State should not be required to personally give testimony").

As in *Fitzpatrick*, so here: the office of the Arizona Superintendent of Public Instruction is established by the Arizona Constitution, Ariz. Const. art. V § 1, and the Superintendent heads the Department of Education, A.R.S. § 15-231(B)(2). "[A]ll executive, administrative and ministerial functions of the department are vested" in the Superintendent, "who is the executive officer responsible for the executions of policies of the state board of education."  *Id*.

---

[3] Defendants listed Dr. Johnson and Ms. Lippert as potential trial witnesses, but neither Defendants nor Plaintiffs called them to testify during the two-week trial in June and July 2017.

Although the apex doctrine is most often used to prevent depositions of high-ranking government officials, its underlying principles also apply to Rule 45 to prevent high-ranking government officials from being compelled to testify at trial.  *See, e.g.*, *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586  (D.C. Cir. 1985) (affirming ALJ's refusal to allow plaintiff to call "top" Labor Department officials as witnesses); *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007) (noting that "other courts [had] concluded that top executive department officials should not, absent extraordinary circumstances, be called to testify or [be] deposed regarding their reasons for taking official action.") (citations omitted).  Whether in a deposition or at trial, high ranking officials such as the Superintendent "have greater duties and time constraints than other witnesses and . . . without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation."  *Bogan*, 489 F.3d at 423.

Rule 45 allows the Court to issue a protective order quashing a subpoena when it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(iv).  Like most top-level government officials, the Superintendent satisfies this standard.  As already explained, she has important public duties that require her attention.  The evidentiary hearing that Plaintiffs are trying to force on the Court is as disruptive as a deposition, if not more so, to the Superintendent's execution of her government duties.  Accordingly, the Superintendent will be unduly burdened if she is required to testify at the October 30 hearing, and this Court should quash the subpoena compelling her to testify.

## III.    THE OTHER WITNESSES ARE ENTITLED TO PROTECTION BECAUSE THEY ARE MORE THAN 100 MILES FROM THE COURT.

Pursuant to Rule 45(c)(1) and (d)(3)(A)(ii), Ms. Lippert and Dr. Johnson, who are not parties to this action, nor officers of a party, should not be required to travel to Tucson to testify.  Ms. Lippert remains an employee of the Arizona Department of Education ("ADE"), but is not an "officer" of ADE.  Dr. Johnson is no longer an ADE employee.  Ms. Lippert and Dr. Johnson both work in Phoenix, more than 100 miles from

the federal courthouse in Tucson. Moreover, Dr. Johnson has professional obligations that require her to be in Phoenix on Monday, October 30, and it would be a particular hardship for her to travel to Tucson that day.

## IV.   THE DOCUMENT REQUEST PORTION OF THE SUBPOENAS SHOULD BE QUASHED, AS DISCOVERY CLOSED LONG AGO.

In addition to commanding the appearance of three witnesses at the October 30, 2017 hearing, Plaintiffs' Subpoenas direct the witnesses to bring with them to the hearing "All findings, investigative documents, communications, records, monitoring forms, notes and documents pertaining to the monitoring and/or enforcement of HB 2281 (A.R.S. 15-112) while employed with the Arizona Department of Public Instructon [sic] during the peroid [sic] John Huppenthal and/or Diane Douglas were or are the Arizona Superindent [sic] of Public Instruction. This request does not include any items that were marked as depositions exhibits by either party during the course of discovery."[4]  This request is particularly burdensome to Dr. Johnson, who is no longer an ADE employee and therefore lacks access to ADE records.

Notably, the document requests in the Subpoenas are not limited to materials not previously produced, but omit only those marked as deposition exhibits.  Discovery closed in this matter on March 1, 2016, and Defendants have already produced the materials that were relevant or likely to lead to the discovery of admissible evidence. Now, post-trial, the subpoenaed witnesses should not be required to conduct additional searches for documents, nor should Defendants be required to search through all the documents produced during discovery – copies of which Plaintiffs have – to locate responsive materials that the parties did not mark as deposition exhibits.

---

[4] *See* Ex. A, Subpoena directed to Dr. Jennifer Johnson.  The document request portion of the Subpoenas varies slightly for each of the three witnesses, but generally encompasses the same material.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONCLUSION**

For the foregoing reasons, the Court should quash the subpoenas and hear oral argument only at the October 30, 2017 hearing.  If the Court wishes to take additional evidence, Defendants respectfully request that the hearing be rescheduled so that Defendants are able to secure the attendance of necessary witnesses and prepare appropriate exhibits.

RESPECTFULLY SUBMITTED this 19th day of October, 2017.

MARK BRNOVICH
Attorney General

s/  Karen J. Hartman-Tellez
Kevin D. Ray
Karen J. Hartman-Tellez
Assistant Attorneys General

*Attorneys for Defendants*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants of record.  A copy was emailed to Judge Tashima's chambers at judge_tashima@ca9.uscourts.gov pursuant to LRCiv 5.4.


/s/  Kate Hofland

# EXHIBIT A

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Arizona

| | | |
|---|---|---|
| Noah Gonzalez, et. al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   4:10-cv-623 AWT |
| Diane Douglas, et.al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Diane Douglas, Superintendent of Public Instruction c/o Karen Hartman-Tellez, AzAttyGen. Education Unit Chief Counsel

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| | | |
|---|---|---|
| Place: Evo DeConcini United States Courthouse<br>405 West Congress<br>Tucson, AZ  85701 | Courtroom No.: 6 B | |
| | Date and Time: 10/30/2017 9:30 am | |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

All communications, records, monitoring forms, notes and documents pertaining to the monitoring and/or enforcement of HB 2281 (A.R.S. 15-112) while the Arizona Superindent of Public Instruction. This request does not include any items that were marked as depositions exhibits by either party during the course of discovery.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  10/05/2017

| | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Gonzalez, et. al.
_____ , who issues or requests this subpoena, are:

Richard M. Martinez, P.O. Box 43250, Tucson, AZ 85733-3250; richard@richardmartinezlaw.com; 520.609-6324

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| | |
|---|---|
| Noah Gonzalez, et. al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   4:10-cv-623 AWT |
| Diane Douglas, et.al. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Jenifer Johnson, a current or former managing agent of the Arizona Department of Education c/o Karen Hartman-Tellez, AAG Education Unit Chief Counsel

*(Name of person to whom this subpoena is directed)*

    **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| | |
|---|---|
| Place: Evo DecConcini United States Courthouse<br>405 West Congress<br>Tucson, AZ  85701 | Courtroom No.: 6 B |
| | Date and Time: 10/30/2017 9:30 am |

    You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

All findings, investigative documents, communications, records, monitoring forms, notes and documents pertaining to the monitoring and/or enforcement of HB 2281 (A.R.S. 15-112) while employed with the Arizona Department of Public Instructon during the peroid John Huppenthal and/or Diane Douglas were or are the Arizona Superindent of Public Instruction. This request does not include any items that were marked as depositions exhibits by either party during the course of discovery.

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/05/2017

| | |
|---|---|
| *CLERK OF COURT* | |
| | OR _____ |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Gonzalez, et. al. _____ , who issues or requests this subpoena, are:

Richard M. Martinez, P.O. Box 43250, Tucson, AZ 85733-3250; richard@richardmartinezlaw.com; 520.609-6324

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Arizona

| | | |
|---|---|---|
| Noah Gonzalez, et. al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   4:10-cv-623 AWT |
| Diane Douglas, et.al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Carol Lippert, a current or former managing agent of the Arizona Department of Education c/o Karen Hartman-Tellez, AAG Education Unit Chief Counsel

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| | |
|---|---|
| Place: Evo DecConcini United States Courthouse<br>405 West Congress<br>Tucson, AZ 85701 | Courtroom No.: 6 B |
| | Date and Time: 10/30/2017 9:30 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

All findings, investigative and/or monitoring documents and forms, communications, records, monitoring forms, notes and documents pertaining to the monitoring and/or enforcement of HB 2281 (A.R.S. 15-112) while employed with the Arizona Department of Public Instructon during the peroid Diane Douglas has been the Superintend of Public Instruction. This request does not include any items that were marked as depositions exhibits by either party during the course of discovery.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/05/2017

| | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Gonzalez, et. al.
_____ , who issues or requests this subpoena, are:

Richard M. Martinez, P.O. Box 43250, Tucson, AZ 85733-3250; richard@richardmartinezlaw.com; 520.609.6324

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B

## Hartman-Tellez, Karen

| | |
|---|---|
| **From:** | Hartman-Tellez, Karen |
| **Sent:** | Monday, September 18, 2017 12:08 PM |
| **To:** | 'Richard Martinez' |
| **Cc:** | 'steven.reiss@weil.com'; 'quinn@jwquinnlaw.com' |
| **Subject:** | RE: Acosta , et al v. Horne,et. al - Questions re Remedies Trial/Proceedings |

Richard:

Based on Judge Tashima's order that "[t]he court shall thereafter set the remedy phase for oral argument after consultation with counsel," it does not appear that the court anticipates that the hearing to be scheduled regarding remedies will be an evidentiary hearing.  [Doc. 468, at 42]

As I explained in my previous email, we do not believe that further testimony is necessary.  Moreover, we do not believe that the Civil Rules or the Court's Final Pretrial Order permit you to unilaterally reopen discovery or conduct an evidentiary hearing.  Consequently, unless directed otherwise by the Court, neither Ms. Douglas nor any other Arizona Department of Education witness will appear to testify at the remedy oral argument hearing that the court is now scheduling, and we will object to Plaintiffs' presentation of live testimony at that hearing.

Regards,
Karen

Karen J. Hartman-Tellez
Education Unit Chief Counsel
Education & Health Section
602.542.8349
karen.hartman@azag.gov

NOTICE OF CONFIDENTIALITY: This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any use, dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by e-mail (by replying to this message) or by telephone (number noted above), and permanently delete the original and any copy of this e-mail, any attachments, and any printout thereof. Thank you for your cooperation with respect to this matter.

**From:** Richard Martinez [mailto:richard@richardmartinezlaw.com]
**Sent:** Sunday, September 17, 2017 9:42 AM
**To:** Hartman-Tellez, Karen
**Subject:** RE: Acosta , et al v. Horne,et. al - Questions re Remedies Trial/Proceedings
**Importance:** High

Karen;

It appears we have agreed to disagree with respect to the need for a permanent injunction.

In light of the need for an evidentiary proceeding, need to confirm that Ms. Douglas is available on October 24 or 30 to testify. I expect that my questioning of Ms. Douglas would take a couple of hours.

Please confirm by Monday that Ms. Douglas can be available on the one or both of the dates identified.

RMM

---

**From:** Hartman-Tellez, Karen [mailto:Karen.Hartman@azag.gov]
**Sent:** Friday, September 15, 2017 2:33 PM
**To:** Richard Martinez <richard@richardmartinezlaw.com>
**Subject:** RE: Acosta , et al v. Horne,et. al - Questions re Remedies Trial/Proceedings

Richard:

I write in response to your email below and your September 15 email in which you requested that we supplement disclosure and discovery.

We have set forth our reasons for opposing a permanent injunction in the Remedy Brief that we filed on September 11, and will likely provide additional detail and argument in support of our position in the response to your Remedy Brief to be filed on September 25.

We disagree that further discovery, disclosures, trial/evidentiary proceedings, or factual stipulations are required to resolve the remedies issue before the Court.  During the Final Pretrial Conference, the Court stated that "I am not going to try to address remedy until I have to.  Which means it would be only after, if and when, there's a finding of liability. . . .  I think we need that finding first.  And then also, you know, *based upon whatever evidence comes out during trial on what an appropriate remedy would be*."  [Apr. 13, 2017 Pretrial Conf. Tr. at 33:18-20, 33:24-34:1 (emphasis added)]  Based on this statement, it does not appear that Judge Tashima anticipated additional presentation of evidence after the scheduled trial dates.  In addition, because the statutes have been declared unconstitutional, no additional discovery or evidentiary hearings are relevant, appropriate, or necessary.  Of course, if the Court requests additional evidence, we will comply with such an order.

Furthermore, in your email below, you state that "Defendants' position creates an inference of a desire to continue enforcement of 15-112."  That is a complete misapprehension of Defendants' position.  Upon the Court's entry of its "Judgment as to Liability" indicating that A.R.S. §§ 15-111 and -112 were enacted and enforced in violation of the First and Fourteenth Amendments, the statutes became unenforceable by the Superintendent and the Board of Education and any of their successors.  Defendants cannot, and will not enforce a law that the Court has declared unconstitutional.

Regards,
Karen

Karen J. Hartman-Tellez
Education Unit Chief Counsel
Education & Health Section
Office of the Attorney General
1275 West Washington Street
Phoenix, Arizona 85007
Phone:  602.542.8349
Email:  karen.hartman@azag.gov

NOTICE OF CONFIDENTIALITY: This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any use, dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by e-mail (by replying to this message) or by telephone (number noted above), and permanently delete the original and any

copy of this e-mail, any attachments, and any printout thereof. Thank you for your cooperation with respect to this matter.

---

**From:** Richard Martinez [mailto:richard@richardmartinezlaw.com]
**Sent:** Thursday, September 14, 2017 10:22 AM
**To:** Hartman-Tellez, Karen
**Cc:** EducationHealth; rle@ellmanweinzweig.com
**Subject:** Acosta , et al v. Horne,et. al - Questions re Remedies Trial/Proceedings
**Importance:** High

Karen;

Need your response to several questions concerning remedies. They are:

1.   **Evidentiary Hearing/trial; what is your position to this?**

Defendants' submission relies on the alleged lack of a record as to the role of Douglas. Thus, one can reasonably conclude that in light of the court bifurcating the trial, we need a "trial" proceeding for the court to receive the evidence that is noted as not yet in the record. Since Ms. Douglas cannot have it both ways, we either have an evidentiary proceeding or stipulate to a factual basis that satisfies both parties.  What is defendants' position? {If it is your position that the record is closed, then please identify the details supporting that position.}

2.   **Douglas – Deposition re Remedies Issue; what is your position concerning this?**

Defendants suggest that the absence of Ms. Douglas at trial created a record that absolved her of any role in the continuing violation of ARS 15-112 as enforced. We all know that is not accurate, there has been active monitoring. TUSD has not been notified that the Huppenthal 15-112 is void and that TUSD is released from any and all 15-112 proceeding by ADOE. It appears that a half day, three hour max of examination of Ms. Douglas is appropriate. What is defendants' position?

3.   **Document Disclosure/Discovery; what is your position concerning this?**

Defendants have not provided any records to support the remedies position now taken; if there are such items, do you intend to disclose them? There are a number of records/documents/communications post the Huppenthal 2012 enforcement order that relate to and address enforcement and monitoring proceeding. All of these documents are now relevant and germane to the need for a permanent injunction. TUSD also has items that are both relevant and probative.  Discovery can be done in an expedited manner. What is defendants' position?

4.   **Trial/Hearing Witnesses**

The parties' trial witness lists were limited to liability. Thus, lists concerning remedies appear appropriate. What is defendants' position?

5.   **Permanent Injunction**

It is not clear why defendants' oppose a permanent injunction. Defendants' position creates an inference of a desire to continue enforcement of 15-112. Please provide the factual reasons, if any, for the objection to a permanent injunction. {The case law cited in defendants' submission is clearly connected to the factual record, and in this case the proceeding are not yet completed.}

A response to the identified questions by this Friday is requested. If you would like to discuss any of these items or others please let me know.

RMM

# EXHIBIT C

## Hartman-Tellez, Karen

| | |
|---|---|
| **From:** | Hartman-Tellez, Karen |
| **Sent:** | Monday, September 18, 2017 12:09 PM |
| **To:** | 'Reiss, Steven'; Martha_Hernandez@azd.uscourts.gov |
| **Cc:** | TucsonSchoolsExternal; rle@ellmanweinzweig.com; Richard@richardmartinezlaw.com; Quinn, James - EXT |
| **Subject:** | RE: Setting a hearing for oral argument on remedy in 10-CV-623-AWT |

Dear Ms. Hernandez:

Following up on Mr. Reiss's email below, Defendants do not believe that the Court's order regarding oral argument on remedies contemplates presentation of live testimony at this hearing, and Defendants intend to object to such presentation.

Respectfully,
Karen J. Hartman-Tellez


Karen J. Hartman-Tellez
Education Unit Chief Counsel
Education & Health Section
Office of the Attorney General
1275 West Washington Street
Phoenix, Arizona 85007
Phone:  602.542.8349
Email:  karen.hartman@azag.gov

NOTICE OF CONFIDENTIALITY: This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any use, dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by e-mail (by replying to this message) or by telephone (number noted above), and permanently delete the original and any copy of this e-mail, any attachments, and any printout thereof. Thank you for your cooperation with respect to this matter.

**From:** Reiss, Steven [mailto:steven.reiss@weil.com]
**Sent:** Monday, September 18, 2017 11:32 AM
**To:** Martha_Hernandez@azd.uscourts.gov
**Cc:** TucsonSchoolsExternal; rle@ellmanweinzweig.com; Hartman-Tellez, Karen; Richard@richardmartinezlaw.com; Quinn, James - EXT
**Subject:** RE: Setting a hearing for oral argument on remedy in 10-CV-623-AWT

Dear Ms. Hernandez.

Many thanks.  It remains uncertain whether there will be a need for testimony at the hearing; but we did want to alert the court to the possibility that, if necessary, the plaintiffs will present live testimony.

**From:** Martha_Hernandez@azd.uscourts.gov [mailto:Martha_Hernandez@azd.uscourts.gov]
**Sent:** Monday, September 18, 2017 2:28 PM

**To:** Reiss, Steven <steven.reiss@weil.com>
**Subject:** RE: Setting a hearing for oral argument on remedy in 10-CV-623-AWT

Thank you for your response. I shall notify Judge Tashima.

Regards,

Martha L. Hernandez
Courtroom Deputy for Senior District Judge David C. Bury
& Senior District Judge Frank R. Zapata
United States District Court
District of Arizona
(520) 205-4221

From:    "Reiss, Steven" <steven.reiss@weil.com>
To:      "Martha_Hernandez@azd.uscourts.gov" <Martha_Hernandez@azd.uscourts.gov>, "Richard@richardmartinezlaw.com"
<Richard@richardmartinezlaw.com>, "rle@ellmanweinzweig.com" <rle@ellmanweinzweig.com>, "karen.hartman@azag.gov" <karen.hartman@azag.gov>,
"changro@seattleu.edu" <changro@seattleu.edu>, "Quinn, James - EXT" <quinn@jwquinnlaw.com>, "Fitzmaurice, David" <David.Fitzmaurice@weil.com>,
"Barrington, Luna" <Luna.Barrington@weil.com>
Date:    09/17/2017 10:35 AM
Subject:  RE: Setting a hearing for oral argument on remedy in 10-CV-623-AWT

Dear Ms. Hernandez:

Although the parties are still conferring, it appears that October 30 is a date when all counsel would be available.

From: Martha_Hernandez@azd.uscourts.gov [mailto:Martha_Hernandez@azd.uscourts.gov]
**Sent:** Friday, September 15, 2017 5:29 PM
**To:** Reiss, Steven <steven.reiss@weil.com>; Richard@richardmartinezlaw.com; rle@ellmanweinzweig.com;
karen.hartman@azag.gov; changro@seattleu.edu; Quinn, James - EXT <quinn@jwquinnlaw.com>; Fitzmaurice, David
<David.Fitzmaurice@weil.com>; Barrington, Luna <Luna.Barrington@weil.com>
**Subject:** Setting a hearing for oral argument on remedy in 10-CV-623-AWT

Good afternoon,

Judge Tashima would like to set a hearing in this matter: 10-CV-623-AWT *Gonzalez v Douglas.*
Please consult and reply with which of the following dates would work best for all parties.

October 17, 2017
October 24, 2017
October 30-November 3, 2017

If you have any questions please do not hesitate in contacting me.

Thank you,

Martha L. Hernandez
Courtroom Deputy for Senior District Judge David C. Bury
& Senior District Judge Frank R. Zapata
United States District Court
District of Arizona
(520) 205-4221

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.