UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| NOAH GONZALEZ; JESUS GONZALEZ, his father and next friend; MANUEL BARCELO; and JULIAN BARCELO, his father and next friend,<br><br>    Plaintiffs,<br><br>vs.<br><br>DIANE DOUGLAS, Arizona Superintendent of Public Instruction, in her Official Capacity; ARIZONA STATE BOARD OF EDUCATION; TIM CARTER; JARED TAYLOR; RITA CHENG; CALVIN BAKER\*; DANIEL CORR; MICHELE KAYE; JANICE MOK; LUCAS NARDUCCI; CHRISTINE BURTON; and PATRICIA WELBORN, each in his or her Official Capacity as a Member of the Arizona State Board of Education,<br><br>    Defendants. | No. CV 10-623 TUC AWT<br><br>**FINAL JUDGMENT, DECLARATION, AND PERMANENT INJUNCTION** |

After trial of this cause to the Court, the Memorandum of Decision, which serves as the Court's Findings of Fact and Conclusions of Law, the remedy phase hearing, held on July 17, 2017, and the legal and factual submissions made at and in connection with said

---

\*   Mr. Baker and each of the six Members named after him is substituted for his or her respective predecessor in office pursuant to Fed. R. Civ. P. 25(d).

hearing, and based on the record as a whole, the Court now makes and enters its Final Judgment:

**IT IS ADJUDGED:**

**1.** Defendant DIANE DOUGLAS, in her official capacity as Arizona Superintendent of Public Instruction (hereinafter the "Superintendent"), and her predecessors in office THOMAS C. HORNE and JOHN HUPPENTHAL, acted contrary to the First and Fourteenth Amendments to the Constitution of the United States and thereby violated Plaintiff students' constitutional rights when the Superintendent found the Tucson Unified School District ("TUSD") in violation of Arizona Revised Statutes §§ 15-111 and 15-112 (together "§ 15-112") and caused the TUSD to shut down the Mexican American Studies ("MAS") Program by assessing a penalty of 10 percent of TUSD's state funding if the MAS Program were not eliminated.

**2.** The State of Arizona, acting through its Legislature and Governor, acted contrary to the First and Fourteenth Amendments to the Constitution of the United States in enacting § 15-112.

**IT IS DECLARED**, pursuant to 28 U.S.C. § 2201(a), that because § 15-112 was enacted and enforced, not for a legitimate educational purpose, but for (i) an invidious discriminatory racial purpose, and (ii) a politically partisan purpose – to shut down the TUSD MAS Program – in violation of the First and Fourteenth Amendments to the Constitution, § 15-112 cannot be enforced.

**TO EFFECTUATE ITS JUDGMENT AND DECLARATION, THE COURT ISSUES THE FOLLOWING PERMANENT INJUNCTION:**

**A.** The Superintendent and the Arizona State Board of Education (hereinafter the "State Board") are hereby permanently restrained, enjoined and prohibited from enforcing § 15-112 of the Arizona Revised Statutes, including, but not limited to, the following:

  **(1)** The Superintendent is enjoined from requiring TUSD to prepare or file any reports regarding whether any program, curriculum or course is in compliance

with § 15-112 or its objectives.

**(2)** The Superintendent is enjoined from conducting any inspections or audits of any program, curriculum or course of the TUSD with respect to or for the purpose of determining whether TUSD is in compliance with § 15-112 or its objectives.

**(3)** The Superintendent is enjoined from withholding or authorizing the withholding of, or threatening to withhold or authorize the withholding of, any state funds from TUSD for the latter's failure or threatened or purported failure to comply with § 15-112.

**B.** This permanent injunction shall be binding on all of the following persons, in addition to named defendants, the Superintendent, the State Board, and all Members of the State Board, who receive actual notice of this injunction by personal service or otherwise:

**(1)** All successors and assigns of the Superintendent, the State Board, and Members of the State Board.

**(2)** Any and all officers, agents, servants, employees, and attorneys of the Superintendent and the State Board.

**(3)** All other persons who are in active concert or participation with the Superintendent, the State Board, or any person or entity described in Paragraphs **B(1) & (2)**, immediately above.

**C.** The Superintendent and the State Board may move to dissolve this permanent injunction anytime after the expiration of seven (7) years from the date of its entry.

**IT IS ORDERED** that plaintiffs shall recover their costs of suit from defendants in the sum of $ _____.

The issue of attorneys' fees and expenses shall be subject to and settled by post-judgment proceedings.

The Clerk is directed to enter this Final Judgment forthwith.

DATED: December 26, 2017.

                                          _____
                                          A. Wallace Tashima
                                          United States Circuit Judge
                                          Sitting by Designation